IN THE MATTER OF THE APPLICATION OF THE MAYOR, ETC., OF THE CITY OF NEW YORK, RELATIVE TO THE WIDENING AND STRAIGHTENING OF BROADWAY.

An order confirming the report of commissioners of estimate and assessment in proceedings, under the provisions of chapter 890, Laws of 1869, for the widening and straightening of Broadway, may be set aside upon motion for irregularity, mistake or fraud.

The provision in the act of 1813 (§ 178, chap. 86, Laws of 1813), declaring that the report of commissioners of estimate and assessment, when confirmed, shall be "final and conclusive," has reference to an appeal therefrom; not to the remedy by motion to set it aside.

(Argued March 28, 1872; decided April 9, 1872.)

APPEAL, by J. Watts De Peyster, from order of the General Term of the Supreme Court in the first judicial district, affirming order of Special Term, setting aside an order confirming the report of commissioners of estimate and assessment, in proceedings under chap. 890, Laws of 1869, and appointing new commissioners. The facts sufficiently appear in the opinion. (Reported below 42 How. Pr. R., 220.)

*John H. Reynolds* for the appellant. The order of December 28, 1871, was not appealable, but, on its entry, became "final and conclusive." (*Bowery Ex. Case*, 2 Abb., 270, 369; 29 How., 180; 1 Abb., 460; 16 How., 353; *N. Y. C. R. R. Co.* v. *Marvin*, 1 Ker., 279; *In re*, 76 id.; 12 Abb., 317; *In re*, 65 id.; 23 How., 256; *Mayor, etc.*, v. *Erben*, 38 N. Y., 311; *C. and W. Streets*, 2 Ker., 406.)

*A. J. Vanderpoel* for the respondent. The legislature had the power to intervene and authorize proceedings to set aside and vacate the order. (*Day* v. *Green*, 4 Cush., 433; *Fairtille* v. *Gilbert*, 2 T. R., 169; *Opening of Albany Street*, 6 Abbott, 273; *Britton* v. *The Mayor*, 21 How. Pr., 251.) The general rules of estoppel do not apply to public officers. (*People* v. *Russell*, 4 Wend., 573, 575; *U. S.* v. *Kirkpatrick*, 9 Wheat., 720.) The act of February 27, 1871, was valid.

(*Calder* v. *Bull*, 3 Dallas U. S. R., 386; *Grim* v. *Weissenberg*, 57 Penn., 433.) In confirming the report the court acts as a court, and the decisions are subject to review. (Con., art. 1, § 7; *Embury* v. *Conner*, 3 N. Y., 511, 523; *Stuber* v. *Kelly*, 7 Hill, 9, 14; 2 Den., 323; *C. and W. Streets*, 12 N. Y., 406, 411; Laws of 1854, chap. 270; *King* v. *Mayor*, 36 N. Y., 182; *Matter of Wall Street*, 17 Barb., 617; Laws of 1839, p. 185, § 9; *In re Commissioners of Central Park*, Albany L. J., vol. 5, p. 25; *R. & S. R. R. Co.* v. *Davis*, 43 N. Y., 137; *In re N. Y. & O. M. R. R. Co.*, 40 How., 335.) The right of review can only be limited by written notice of the order. (Code, § 332; *Pearson* v. *Lovejoy*, 53 Barb., 407; *Champion* v. *Plym. Congregation*, 42 id., 441; *Levy* v. *Roberts*, 8 Abb. Pr. R., 310; *Fry* v. *Bennett*, 7 id., 352; *Colby* v. *Dennis*, 36 Maine, 13; *In re Metcalf & Duncan*, 2 Benedict, 78.) The legislature may always alter the form of administering justice, and may transfer jurisdiction from one tribunal to another. (*Springfield* v. *Hampden Commissioner of Highways*, 6 Pick., 501; *Burch* v. *Newberry*, 4 How. Pr. R., 145; S. C. on appeal, 10 N. Y., 374; *Freeborn* v. *Smith*, 2 Wall., 160, 175.) It may *modify* an existing remedy, or remove an impediment in the way of legal proceedings. (*Hepburn* v. *Curtis*, 7 Watts, 300; *Schenley* v. *City of Alleghany*, 35 Penn. State R., 29, 57, reasserts this doctrine.) The right of the courts to set aside an order or judgment for fraud, mistake, irregularity or illegality is unquestioned. (3 Abb. Dig., 524; *Baldwin* v. *Mayor*, 2 Keyes, 287; *People ex rel. Taylor* v. *The Mayor*, 11 Abb., 66; *Sharp* v. *Mayor*, 9 Abb., 243, 426; *Outwater* v. *Mayor*, 18 How. 572, 576.) Upon the question of legislative power, see *Butler* v. *Palmer* (1 Hill, 324); *Burch* v. *Newberry* (10 N. Y., 374; S. C. [Supreme], 4 How. Pr. R., 145); *People* v. *Tibbets* (4 Cow., 385); *Syracuse Bank* v. *Davis* (16 Barb., 192); *In re Cortlandt Palmer* (40 N. Y., 561); *Springfield* v. *Hampden* (6 Pick., 508); *Jacquins* v. *Commonwealth* (9 Cush., 279); *Hepburn* v. *Curtis* (7 Watts, 300); *Foster* v.

*Essex Bank* (16 Mass., 245); *Freeborn* v. *Smith* (2 Wall., 160); *Matter of Beams* (17 How. Pr. R., 459).

Peckham, J. In May, 1869, a law was passed authorizing the widening and straightening of Broadway, in the city of New York, between Thirty-fourth and Fifty-ninth streets, and the widening thereof between Thirty-second and Thirty-fifth streets, and between Forty-second and Forty-seventh streets. It directed the making and filing of certain maps, etc., of said proposed improvements, and then required the corporation, for and in behalf of the city and for public use, to acquire title to the lands required therefor, pursuant to the statutes on that subject, and, for that purpose, to apply to the court for the appointment of three commissioners of estimate and assessment.

Under this act the proceedings authorized were instituted, and the report of the commissioners of estimate and assessment made therein was confirmed at a special term of the Supreme Court on the 24th day of December, 1870.

On the 27th of February, 1871, a law was passed authorizing an appeal by the city from the order confirming the report of the commissioners, within four months from its entry. This law, also, and in addition, authorized the mayor, aldermen and commonalty to move to set aside the order of confirmation at Special Term. And "if it shall appear to the court that there was any error, mistake, irregularity or illegal act in the said proceedings for the widening and straightening of Broadway at any stage of the said proceedings, or if it shall appear that the assessments for benefit, or the awards for damage, or any or either of them, have been unfair or unjust, or inequitable or oppressive as respects ' said city,' or any person or persons affected thereby, the court shall vacate said order of confirmation." which shall then be void, and refer the matter back to commissioners again.

A motion, upon notice, was made on behalf of the city to set aside said order of confirmation; and after hearing the parties the Special Term of the Supreme Court vacated the

order of confirmation and appointed new commissioners in said matter. Upon appeal by this appellant, the General Term, in the first judicial department, affirmed this order; and from that affirmance this appeal is brought.

The appellant now insists that the Special Term had no power to set aside this order of confirmation, or that the order itself, by force of the statute of 1813, vested the title to the premises required in said matter in the mayor, etc-, of the city, and the city became liable to pay the awards made, according to that act, that no appeal would lie from that order of confirmation; and thus the rights and liabilities of the parties having become fixed and absolute, there was no power, legislative or judicial, to change them. That the said act of the legislature, passed in 1871, was therefore unconstitutional and void.

The argument of the counsel for the appellant is based entirely upon the position that the city had no legal remedy or relief from that order of confirmation. If it had, then it is scarcely denied that the court had power to make the order appealed from.

The courts have not agreed upon the question whether this order of confirmation is or is not appealable. I do not deem it important to decide that question in the disposition of this case. But it is clear that the Supreme Court at Special Term confirming this report of the commissioners, acted as a court and not as a commissioner. (*In re Canal and Walker Streets,* 12 N. Y., 406.) Why then could not that court, upon motion, set aside that order of confirmation for irregularity, mistake or fraud? Why could not the same judge, before whom the order was made, grant a rehearing before himself in that as in any other case?

Suppose the proper notices required of the filing of the abstract of the report, and of the time when the report would be presented for confirmation had been entirely omitted, and the court had confirmed it under the impression that the notices had been given, would the parties injured be deprived of their property by such an order without any relief? Sup-

pose a plain mistake were made by a copying clerk in the amount, either assessed or awarded, of a very large sum, and thus, inadvertently, it had been confirmed, is there no relief? Suppose there was gross connivance and corruption between the commissioners, some of the parties interested and the acting officers of the city, to the great injury of the city or of property owners and the report is confirmed, is there no relief? In most cases of fraud, mistake or irregularity, an appeal would afford no relief, as the defect might not, and probably would not, appear upon the return to the appeal.

There is no statute prohibiting the making of a motion for relief in such a case. It is generally the only remedy where other facts than the record presents are required to show the ground for relief. It is a conceded power of the court to hear such motions in ordinary cases of judgments or orders in suits there pending, and no reason is perceived why the court does not possess and should not exercise the like power in cases of this character.

The provision in the statute, that the report when confirmed shall be "final and conclusive," has reference to an appeal therefrom, not to the remedy by motion to set it aside for irregularity, fraud or mistake. That provision was aiming at a regular confirmation of a report free from material fraud or mistake. It plainly never intended to give a vested interest in a mistake, an irregularity or a fraud, whereby important rights of property were acquired or lost. It had reference simply to an appeal upon the merits, and is satisfied with that. All judgments are liable to be set aside for fraud, mistake or irregularity; and a vested interest therein is subject to that liability.

Whether the legislature had power to pass this act for the purpose of vacating this order of confirmation I do not propose to discuss, as I do not place the authority upon this statute to interfere with that order.

There are various and appropriate provisions in this statute of 1871, to take effect in case the order of confirmation should be set aside.

No point is made here as to the sufficiency of the grounds for the action of the court in setting this order aside if it had the power.   There was irregularity and fraud enough to justify the action of the court upon either ground.   Gross injustice was the consequence of either.   The order appealed from should be affirmed with costs.

All concur; RAPALLO, J., not sitting.

Order affirmed.