IN THE MATTER OF WIDENING HUDSON AVENUE.

*Charter of city of Albany — Street openings — costs of — retaxation of — right of tax-payer to be heard upon.*

Title 7, section 1, of the charter of the city of Albany, relating to the opening of streets, provides that the costs, charges and expenses, incident to the proceedings, "shall be taxed and certified as to the amount, by any judge of a court of record." *Held*, that these words prescribed no rule of practice, and that the judge might proceed *ex parte*, or upon such notice to the tax-payers or others as he might deem proper.

In pursuance of this provision, the costs and expenses attending the opening of Hudson avenue, were taxed by a justice of the Supreme Court, upon an *ex parte* application by the corporation counsel, and an order made requiring all persons interested to show cause, at a time and place therein specified, why the report of the commissioners should not be confirmed. At such time, Mr. Olcott, a tax-payer of the city, and largely affected by the order, appeared, and an order was made, denying confirmation of the report, and vacating the taxation of costs.

Upon appeal by the corporation counsel and city surveyor from the order directing a retaxation of their costs; *held* (1), that the court, at a Special Term, had power to vacate the *ex parte* taxation of costs upon convincing evidence that the bill, in some of its items, was illegal, and in others grossly excessive, and upon being satisfied that the officer, upon whose motion the taxation was made, represented himself instead of the city and its tax-payers; (2), that the court had the right, in its discretion, to hear the tax-payer when he asked for a retaxation of the costs, to the end that his undenied allegations of fraud and imposition might be considered.

APPEAL from an order denying a motion to confirm the report of commissioners, appointed to award and assess damages for the widening of Hudson avenue, in the city of Albany, and vacating an *ex parte* taxation of the bill of costs in the matter.

In pursuance of section 1 of title 7 of the charter of the city of Albany, as amended by chapter 302, Laws of 1872, commissioners were appointed to award and assess damages for the widening of Hudson avenue, in the city of Albany. Upon the completion of their report, and on the application of the corporation counsel, an order was made, taxing the costs and expenses of the commissioners, corporation counsel, city surveyor and others, and requiring all persons interested, to show cause, at a Special Term therein specified, why the report should not be confirmed. At the time designated in the notice, Mr. Thomas W. Olcott, a tax-payer of the city, who was largely affected by the proceedings, appeared and opposed the confirmation of the report, and moved for a retaxation of the costs, in both of which he was successful. An appeal was taken by the city from the order denying the motion to confirm the report, and by the corporation counsel and city surveyor, from the order directing the retaxation of costs. The appeal on the part of the city was subsequently abandoned.

*Henry Smith*, for the appellants.

*Charles M. Jenkins* and *Rufus W. Peckham, Jr.*, for the respondent.

LANDON, J.:

The city of Albany does not prosecute the appeal, taken in its name, from the order of the Special Term denying confirmation of the inquisition, awards and assessments, and vacating the *ex parte* taxation of the bill of costs in this matter. The late corporation

counsel and city surveyor, who united in said appeal, now ask to have reversed so much of the order appealed from as vacated the taxation of costs. Thomas W. Olcott was heard by counsel before the Special Term which granted the order appealed from, and now asks its affirmance. He is a property holder and tax-payer of the city of Albany, and largely affected by the order. He charges that the bill of costs, which was taxed at $18,324.04, whereof the greater part was paid to the individual appellants, is, in some of its items, illegal, and in others grossly excessive. This the appellants do not deny, but claim that Mr. Olcott had no standing in court, and had no right to be heard at Special Term, and has no such right here. They also urge that the costs having been paid, the payment was made under a mistake of law, and they cannot be recovered back. They cite authorities which, they claim, show that in a like case, upon the application of a tax-payer, an injunction to restrain the payment of the money would not be granted, and that an action to recover the money back cannot be maintained. These authorities are not considered pertinent to the question presented upon this appeal. That question is, had the court at a Special Term, the power to vacate the *ex parte* taxation of costs, upon convincing evidence that the bill, in some of its items, was illegal, and in others grossly excessive, and upon being satisfied that the officer, upon whose motion the taxation was made, represented himself instead of his clients, namely: the city and its tax-payers? The question stated, the answer is obvious. A court or judge may be misled in regard to matters of fact; but the imposition does not foreclose correction. The power of the court to set aside an order or judgment for fraud, mistake, irregularity, or illegality, is unquestioned. * The court remark, in the case last cited, that a vested interest in a judgment, is subject to this liability. Clearly, these appellants have no more than a vested interest in the costs they have secured.

The statute under which this taxation was made, says the costs, charges and expenses incident to the proceedings, " shall be taxed and certified as to the amount, by any judge of a court of record." †

---

* Baldwin v. Mayor, 2 Keyes, 387; People v. Mayor, 11 Abb., 66; Sharp v. Mayor, 9 id., 426; Outwater v. Mayor, 18 How., 572, 576; Matter of Mayor, 49 N. Y., 150.         † Amended Charter, title 7, § 1.

These few words prescribe no rule of practice, and, undoubtedly, leave the judge at liberty to proceed *ex parte,* or upon such notice to the tax-payers, or others, as he may deem proper. In most cases of the taxation of costs in actions, there is first a taxation *ex parte,* and afterward a retaxation upon notice. After a taxation under this statute, whether there shall be a retaxation, and objections considered, is, even in the absence of any suggestion of imposition, clearly a matter within the discretion of the court or judge. As in the first instance the judge had the right, in his discretion, to hear the interested tax-payer upon this taxation, just so clearly has he or the court the right to hear him when he asks for a retaxation, to the end that his undenied allegations of fraud and imposition may be considered. This is the extent of the standing accorded to Mr. Olcott; and, under the circumstances of this case, wisely accorded to him. Whether the appellants can retain the money they have obtained, is a question that may be safely reserved until it is directly presented. The order appealed from should be affirmed, with ten dollars costs against the individual appellants.

Present — BOCKES, LANDON and COUNTRYMAN, JJ.

Order affirmed, with ten dollars costs against individual appellants.