JOSEPH SPEARS AND WILLIAM C. SPEARS, APPELLANTS, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, JOHN MATTHEWS AND EZEKIEL R. THOMPSON, RESPONDENTS.

*Opening of Broadway in New York — chap.* 890 *of* 1869 — *Assignment of interest in an award — when trust created by — successive assignments — Notice.*

In proceedings instituted under chapter 890 of 1869, to widen and straighten Broadway, an award of $40,000 was made to the defendant Thompson as the owner of a leasehold interest in several lots taken by the commissioners, and confirmed by the court December 28, 1870. On December 31, 1870, Thompson, by an instrument in writing, sold and transferred to the plaintiff's assignor $12,262 out of the said award, and covenanted therein that an award, exceeding in amount $12,262, had been made to him by the commissioners and confirmed by the court ; that there were no liens thereon ; that he had done and would do nothing to prevent the collection of said amount, and authorized said assignee to demand, receive and receipt for the said sum, and also authorized the comptroller or chamberlain of the city to pay the same.

Subsequently the Special Term of this court, under chapter 57 of 1871, vacated and set aside the said report, and appointed new commissioners to make a new assessment both as to awards for damages and appraisements for benefits. In these proceedings an award was made to Thompson of $11,544, which was sub-

sequently confirmed by this court. *Held,* that the assignment, with the covenants therein contained, created between Thompson and his assignee, the relations and all the obligations of a trust which a court of equity would enforce upon any specific award of damages which might be made for Thompson's leasehold interest in the premises, even though the award referred to and described in the assignment had been set aside.

On the 11th of January, 1871, and prior to the setting aside of the $40,000 award, Thompson executed a mortgage to one M. upon the lease and leasehold premises taken for said widening, for $12,350 and interest, which said mortgage was duly recorded, and at the same time assigned the said sum of $12,350 out of the $40,000 award. At the time of taking the mortgage M. had knowledge of the prior assignment. *Held,* that the claims of the first assignee upon the amount finally awarded were superior to those of one claiming under the mortgage and assignment to M.

APPEAL from a judgment dismissing the complaint of the plaintiff, with costs.

*Ect. Taft,* for the appellants.

*H. E. Davies,* for the respondents.

DAVIS, P. J. :

Under the provisions of chapter 890 of the Laws of 1869, proceedings were taken for the widening and straightening of Broadway, between Thirty-fourth and Fifty-ninth streets, in the city of New York. At that time the defendant Thompson was the owner of the leasehold interest in several lots of land which were taken under such proceedings. The commissioners of estimate and assessment, awarded to Thompson, as compensation for such taking, the sum of $40,000 ; and this award was confirmed by the Special Term of this court on the 28th of December, 1870 ; afterwards and on December 31, 1870, Thompson, by an instrument under his hand and seal, which described himself as lessee of the premises on Broadway, for a good and valuable consideration, sold, assigned, transferred and set over to one Abram V. Davis, his representatives or assigns, the amount of $12,262, out of the award made to him on account of loss and damage to said premises, occasioned by the widening and straightening of said street, and the assignment contained a covenant that a sum exceeding the said sum of $12,262 had been awarded to him by the commissioners on account of such loss and damage

done to said premises, and that such award had been confirmed by the Supreme Court; that said award was made to him as lessee of said premises, and that there were no existing liens on said award; and that he had not done and would not do any act or thing to prevent the collection of said claim to the amount of $12,262; and he authorized such assignee to demand and sue for, collect and receive, receipt for and sign his name to any papers that might be necessary to procure the payment of the said sum, out of the amount of said award; and also authorized the comptroller or chamberlain of the city to pay said assignee that sum out of the amount so awarded to him. On the 28th day of January, 1871, Davis assigned all his right, title and interest in said assignment, to the plaintiffs. On the 11th of January, 1871, the defendant Thompson executed and delivered to the defendant Matthews a mortgage upon the lease and leasehold premises so taken for the widening of Broadway, to secure to him the sum of $12,350, and interest, which mortgage was duly recorded in the office of the register of the city, and at the same time and for the same consideration, Thompson also, by an instrument under his hand and seal, assigned the said sum of $12,350, out of said sum of $40,000 so awarded to him, by the report and confirmation above set forth. At the time this mortgage and assignment were made and delivered by Thompson to Matthews, Matthews had notice of the fact, that Thompson had made the above mentioned assignment to Davis. Subsequently and under the provisions of chapter 57 of the Laws of 1871, passed February 27, 1871, the Special Term of this court vacated and set aside the order of confirmation of the report of the commissioners of estimate and assessment in the matter of widening and straightening Broadway, and appointed other commissioners who were directed to proceed to amend and correct the report made to the court, and to make a new assessment, both as to awards for damages and appraisements for benefits, and to report the same to the court.

Such proceedings were thereupon had, that a new report was made by the new commissioners which was confirmed on the 5th day of July, 1872, and the damages to the defendant Thompson, on his leasehold premises, taken for widening and straightening Broadway were estimated at the sum of $11,544, and the commissioners reported that said award of $11,544, was subject to the mort-

gage from Thompson to Matthews. The plaintiffs asserted their claim by reason of the assignment of Thompson to Davis, and of Davis to them, as above stated, and made application to the city authorities at the proper time for the payment to them of said sum of $11,544, which such authorities refused to make. They thereupon commenced this action, impleading the city with Thompson and Matthews, before any portion of the money had been paid out of the treasury.

It is objected that this action will not lie because the plaintiffs would have a perfect remedy at law, under the act of 1873, against Matthews, after the moneys should have been paid to him, if their title thereto be superior to his. But this objection, we think, does not prevent the institution of the proceedings in this case to determine the right to the fund, before its payment by the city to any one. The vacating of the order confirming the first award of damages and the appointment of new commissioners to make new estimates and assessments, left the original proceedings for widening and straightening Broadway in full vigor. The leasehold interest of Thompson, which had been taken for that purpose was still regarded as taken, and the only question open to the new commissioners was a reconsideration of the amount to be awarded, as the just compensation required by the Constitution and laws of the State.

The new proceedings were in substantial analogy to the perfecting of an assessment of damages, after a judgment wherein the rights of the parties have been fixed, and the question of damages alone remains to be determined.

The first question to be considered is, what are the rights of the plaintiffs as assignees of Davis, as against Thompson his assignor, to whom these several awards were made; and in considering that question we may properly exclude all questions affecting the defendant Matthews.

The assignment to Davis, of a specified portion of the award, after its confirmation by order of the court, accompanied by the covenants above mentioned, we think, as between Davis and Thompson, created the relation, and all the obligations of a trust, which a court of equity would have enforced as between them, upon any specific award of damages upon the leasehold interest, notwithstanding the one referred to and described in the assignment had been

set aside or vacated. The substance of the thing assigned and affected by the covenants was not the particular award, but the portion of that or any award that should be made for the damages resulting from the taking of Thompson's land by the city, in the proceedings pending for that purpose. These damages had become, and but for the subsequent action of the court and the new commissioners, would have remained fixed and absolute at $40,000. It has been adjudged that the proceedings of the court, and the act of the legislature under which these proceedings were taken, were constitutional and therefore to be upheld. (*Matter of Broadway*, 61 Barb., 483 ; S. C., 49 N. Y., 150 ; *Garrison* v. *Mayor, etc.*, 21 Wallace [U. S.], 196.)

The vacating of the former proceedings did not therefore set back the rights of Thompson in the leasehold premises, to the position in which they stood before any proceedings for widening and straightening Broadway were taken, but left them subject to all rights secured to the city by the pending proceedings, and subject to a readjustment of his compensation for loss and damage. If the question, therefore, in this case arose between himself and his assignee, Davis, or the plaintiffs, there would seem to be no reasonable ground for saying that a court of equity would not grasp the substance of the thing rather than the shadow, and hold it to be impossible for Thompson, who retained the leasehold interest, to shake off the rights of Davis under the assignment by virtue of any thing in the proceedings for a reassessment.

On the contrary, equity would hold that that assignment attached, as against Thompson, to whatever amount of any appraisal of such damages made in the new proceedings would be necessary to satisfy the assignment to Davis. And even if the whole proceeding had been abandoned by the city, and Broadway had not been widened, and the leasehold property of Thompson not taken at all, there would, we think, be no difficulty in charging the amount specified in the assignment, as a specific lien upon the leasehold property, in the nature of an equitable mortgage, to be enforced against Thompson by a court of equity. Doubtless, when Thompson executed the second assignment to the defendant Matthews, and made a mortgage of the leasehold property to secure payment of the amount then assigned, it was supposed by all parties that the compensation

was fixed by the confirmation of the court, and that there would be enough, and more than enough, to pay both assignees in full. Neither of the parties anticipated the subsequent action of the legislature and of the courts ; and neither supposed that the sum to be awarded would not be adequate to protect and pay both assignees.

Under such a state of facts, it seems quite clear that if Matthews, in taking the second assignment and mortgage, had acted without notice of the assignment to Davis, and in good faith for a valuable consideration, his mortgage upon the leasehold property, and the record thereof, would have given him the priority by reason of his greater vigilance in fortifying his assignment by a mortgage of the leasehold property. But the court below has found, and there seems to be no reason to doubt the correctness of the finding, that when Matthews took his assignment and mortgage he knew and had full notice of the prior assignment by Thompson to Davis ; and it is a just and fair inference that he intended to take his assignment as a second lien upon the award, deeming it abundantly secure, because the amount of the award far exceeded the sum covered by both assignments. Beyond all question, in respect to the first award, he was subordinate and subject to the prior assignment. His mortgage gave him no superiority. Davis would have been entitled to be first paid ; and if no greater sum than sufficient to do that could have been collected for any reason, from the city on the first award, Davis, or the plaintiffs as his assignees, would have been entitled to the money in priority of any claim that Matthews could assert. What has occurred to change the character of their rights? Nothing of which they both did not have full notice, and nothing which either could have prevented.

If the assignment to Davis remains in full vigor, as between him and Thompson, upon the subsequent award, how does the fact that Matthews had also a recorded mortgage upon the leasehold premises give him a superiority which he did not possess in respect to the first award? In form, it has had that effect, because the commissioners in their examinations for incumbrances upon the land to which the city was acquiring title, found a recorded mortgage and recognized it in their report as a lien to be extinguished. But this is mere form. For, in substance, the lien of that mortgage, though in form upon the land, is not prior, in respect to the moneys awarded,

to the older assignment of which Matthews had notice, or to the equities which he is bound to recognize and respect.

The whole case seems to us to turn upon the question of notice ; and that being distinctly found, equity has no difficulty in disregarding forms for the purpose of enforcing substantial rights.

It is our opinion, upon the facts found by the learned court below, that judgment should have been awarded to the plaintiffs, and that the moneys in the hands of the city should have been directed to be applied, after the deduction of such costs as the city may be entitled to, upon the assignment held by plaintiffs, so far as necessary to extinguish the same and the balance, if any, should be paid to the defendant Matthews.

We see no difficulty in the way of this court pronouncing the judgment that ought to have been given by the court below. All the necessary facts are before us, and the error of the court was simply in the conclusions of law arising from the facts.

The judgment should therefore be reversed, and judgment ordered in favor of the plaintiffs in conformity with this opinion, to be settled by the presiding justice upon three days' notice.

The costs of the city in the court below should be deducted from the fund, and the plaintiffs should have costs, both of the court below and of this appeal, against the defendant Matthews.

BRADY and DANIELS, JJ., concurred.

Judgment reversed, and judgment ordered in favor of plaintiffs, in conformity with opinion, to be settled by DAVIS, P. J., on three days' notice; costs of the city in the court below to be deducted from the fund; plaintiffs to have costs of court below and of this appeal against the defendant Matthews.