IN THE MATTER OF THE PETITION OF THE NEW YORK ELE-
VATED RAILROAD COMPANY, RELATIVE TO ACQUIRING
TITLE TO CERTAIN PROPERTY IN THE CITY OF NEW YORK.

## IN RE STORY.

*Second appraisal of damages sustained because of the taking of land for railroad
purposes — no appeal can be taken therefrom — when it can be set aside on
motion — what must be shown to authorize this to be done.*

Although an appeal from a second appraisal, made by commissioners appointed
to appraise the damages to be awarded for the taking of lands for the purposes
of a railroad, is expressly prohibited by the statute, the petitioner is not wholly
remediless, as his right to make a motion to set aside the report is distinctly
recognized and announced in several cases.

To authorize a court to review, on motion, a second report, something more must
be apparent than such errors of law or fact as are reviewable on appeal, and
which would, if established, require a reversal and a new hearing.   There
must be such an irregularity, fraud or mistake in the proceedings of the com-
missioners as would authorize the court, under its established practice, to set
aside a judgment or verdict in an action on a motion.

The report cannot be set aside on a motion because of an error committed by the
commissioners in excluding or admitting testimony to which one of the parties
objected, nor because of any ordinary ruling in the progress of a trial to which an
objecting party must reserve his right of review by an exception.

Upon the second hearing of this proceeding, instituted to determine the damages
sustained by the owners of certain premises in the city of New York by the
construction of an elevated railroad through and over the street upon which
they abutted, a witness called by the owner was asked: "In your opinion does
the structure of the railroad and the passing of the trains upon it, as it is con-
structed and operated, diminish the value of .the property, limiting your
consideration to the effect, if any, produced upon light, air and access, and
excluding from your consideration the effect, if any, produced by noise, the
vibration of the building, annoyance by smoke, ashes, dust, steam or cinders,
and by the unsightly appearance of the structure itself?"   The objection of
the petitioner "to so much of the question as asks as to the effect of. the pass-
ing train upon the light in Mr. Story's premises" having been overruled the
witness was allowed to answer the question.

*Held,* that even if it were assumed that the ruling was erroneous (which the court
did not decide), and that the error was one which would on an appeal be a
fatal one, yet as the fact, that the commissioners had allowed any damages
whatever for the effect of the passing train upon the light was not clearly and
affirmatively made to appear, the mere possibility that they might have done
so would not justify the reversal of the appraisal upon this motion.

Inferences, probabilities and possibilities are not a sufficient basis for this mode
of proceeding.

MOTION to set aside the report of commissioners appointed to assess and appraise the compensation to be made to Rufus Story as the owner of so much of the privilege, easements or other interest in Front street belonging to the said Story, as appurtenant to certain lots owned by him, as is or has been taken by the petitioner for its use as an elevated railway.

*Wm. B. Hornblower*, for the petitioners.

*John E. Parsons*, for Mr. Story.

PER CURIAM :

The report now sought to be set aside is one made by new commissioners on a second hearing and appraisal after the reversal on appeal of the first. An appeal from such second appraisal is expressly prohibited by statute, but it does not follow that the petitioner is wholly remediless because the right of appeal is taken away. The right to make a motion to set aside the report is distinctly recognized and announced in several cases cited by the learned counsel for the petitioner. (*Matter of N. Y. C. and H. R. R. R. Co.*, 64 N. Y., 60 ; *Matter of Prospect Park and C. I. R. R. Co.*, 24 Hun, 199 ; affirmed, 85 N. Y., 489.) The same practice exists in analogous assessments, notwithstanding a statute may declare them final and conclusive. (*Matter of Application of Mayor of N. Y.*, 49 N. Y., 150 ; *Baldwin* v. *Calkins*, 10 Wend., 167.)

But we think that to authorize a court to review on motion a second report, from which the statute has expressly inhibited an appeal, something more must be apparent than such errors of law or fact as are reviewable on appeal and sufficient, where an appeal is allowable, to result in a reversal and new hearing. If this be not so the denial by statute of the right to appeal is a simple *brutum fulmen*, and of no practical value to any one, for the remedy by motion could in that case be invoked for every erroneous ruling or finding in the progress of the hearing and determination from which substantial prejudice to the moving party might be inferred. There must be such an irregularity, fraud or mistake in the proceedings of the commissioners to warrant a proceeding by motion as would authorize the court, under its established practice, to set aside a judg-

ment or verdict in an action on motion. But there is no practice which authorizes the setting aside of a judgment on motion because the court on the trial committed an error in excluding or admitting testimony to which one of the parties objected, nor for any ordinary ruling in the progress of a trial to which an objecting party must reserve his right of review by an exception. It must appear, on the contrary, that some of the material proceedings of the court or referee or jury were fraudulent, illegal or irregular, in contradistinction to those possible or probable errors which are made in the progress of a trial by the decisions of a court acting in entire good faith, but under mistaken views of law or fact, and which are correctable by the ordinary process of appeal. In this case we fail to see any such fraud, irregularity, illegality or mistake as would justify us had they occurred in the course of a trial of an action in court, in setting aside a verdict on motion ; though it is quite possible if an appeal would lie we might feel bound to set aside the report because of a mistaken ruling as to admissibility of evidence or the propriety of the form of a question relating to damages allowed to be put by the commissioners against the objection of the petitioner. The question objected to was : " Q. In your opinion does the structure of the railroad and the passing of the trains upon it, as it is constructed and operated, diminish the value of the property limiting your consideration to the effect, if any, produced upon light, air and access and excluding from your consideration the effect, if any, produced by noise, the vibration of the building, annoyances by smoke, ashes, dust, steam or cinders, and by the unsightly appearance of the structure itself ? "

The counsel of the petitioner objected " to so much of the question as asks as to the effect of the passing trains upon the light in Mr. Story's premises." The commissioners overruled the objection and the counsel excepted. It is obvious that the counsel for Story had carefully sifted the elements of this question out of the *disjecta membra* of the various opinions heretofore enunciated by the courts in the several phases which Mr. Story's case has assumed.

It is not necessary to say what our opinion might be if we were called upon to review the correctness of the ruling admitting this question upon a bill of exceptions or case on appeal from a trial at circuit, for it does not follow that if that ruling was erroneous it

was such a mistake, fraud or irregularity as would require the court to set aside a judgment on motion founded upon affidavits. Such a practice in such a case we think would not be entertained. It is urged, by counsel for petitioner, that this ruling introduced an element of damage for the consideration of the commissioners not allowable under the authorities, and that, therefore, the commissioners may have, to some extent, allowed damages upon an erroneous principle. If this position is true, upon which, however, we do not intend to pass, the ruling would on appeal be a fatal one, because it would not appear but that the commissioners might have allowed some portion of the damages for the effect of passing trains upon the light. But in this case that possibility is not sufficient to justify setting aside the report. It is not manifest in the case that any such damages were in fact allowed. That they were is mere matter of inference from the allowance of the question and the answer. But the inference may be a wholly mistaken one. The witnesses who answered this question estimated the damages from $17,500 to $25,000 or more. The commissioners allowed damages to the amount of $7,000. Now, the inference is quite as strong that in getting at the sum of $7,000 they eliminated the injuries to light by the passing trains, as that they included them, and it cannot correctly be said that it appears beyond question that the objectionable damages were included. But upon such a motion as this that fact must clearly and affirmatively appear. Inferences, probabilities and possibilities are not a sufficient basis for this mode of proceeding.

The report of the commissioners states they did "ascertain and appraise the compensation to be made by the petitioner herein to the said Rufus Story for so much of the said privilege, easements or other interest in Front street belonging to the said Rufus Story *as is or has been* taken by the petitioner at the sum of seven thousand dollars." This would seem to exclude the idea that anything except what "is or has been *taken* by the petitioner" was included in the $7,000 awarded; and although it is highly probable that the petitioner has been by the result made to pay something for the effect of the momentary "*flashes of darkness*" which its passing trains cast into Mr. Story's windows, yet that has not been made to appear in a form entitling the petitioner to relief by this motion.

The motion must be denied, with ten dollars costs and disbursements.

Present — Davis, P. J., Brady and Daniels, JJ.

Motion to set aside report denied, with ten dollars costs and disbursements, and motion to confirm the report granted.