In the Matter of the Petition of THE BROOKLYN ELEVATED RAILROAD COMPANY, Appellant, Relative to Acquiring Title to Real Estate, etc., *v.* JOHN FLYNN, Owner of Parcel No. 26, Respondent.

1. APPEAL — CONDEMNATION PROCEEDINGS — RAPID TRANSIT ACT. An order of the General Term of the Supreme Court, affirming an order of the Special Term, confirming the report of commissioners appointed to appraise lands under the provisions of the Rapid Transit Act (Laws of 1875, chap. 606), is not appealable when there is presented only an error of law or fact, and no question as to the jurisdiction of the commissioners is raised.

2. ERROR OF LAW. On appeal to the Court of Appeals from such an order of affirmance, the petitioner sought a reversal, on the ground that the commissioners had treated the property in question, which consisted of one tract on which there were three separate buildings, not as a whole, but as consisting of three distinct parcels — the claim being that the depreciation of one piece should have been set off against the advantage to the others. *Held*, that this presented an error of law simply, and, hence, that the appeal could not be entertained.

Reported below, 87 Hun, 104.

(Argued October 21, 1895; decided October 29, 1895.)

APPEAL from order of the General Term of the Supreme Court in the second judicial depaatment, made May 13, 1895, which affirmed a final order of the Special Term confirming the report of commissioners of appraisal in condemnation

proceedings instituted under the Rapid Transit Act (Laws of 1875, chap. 606).

*Frederick P. Delafield* for appellant.   The award should have been set aside and a new appraisal ordered, the commissioners having erred in failing to allow for benefits to the defendant by reason of the operation of the plaintiff's elevated railroad.   (Code Civ. Pro. § 3360 ; *N. Y., L. & W. R. Co.* v. *Arnot,* 27 Hun, 151 ; *N. Y., W. S. & B. R. Co.* v. *Le Fevre,* 27 Hun, 537 ; *Rich* v. *N. Y. El. R. Co.,* 16 Daly, 518; 46 N. Y. S. R. 673; *Whitney* v. *Boston,* 98 Mass. 312; *Kane* v. *M. R. Co.,* 42 N. Y. S. R. 416 ; *Newman* v. *M. El. R. Co.,* 118 N. Y. 618.)

*Francis R. Whitney* for respondent.   The award was more than justified by the evidence.   (Code Civ. Pro. § 3370; *Perkins* v. *State,* 113 N. Y. 660, 661; *In re City of Buffalo,* 1 N. Y. S. R. 750; *In re M. El. R. Co.,* 76 Hun, 376.)   Evidence of decrease since the coming of the railroad, in business in the vicinity of the premises, as well as evidence of decrease in the particular business carried on in the premises in question, was properly admitted.   (*Drucker* v. *M. R. Co.,* 106 N. Y. 163; *Doyle* v. *M. R. Co.,* 128 N. Y. 498.)

ANDREWS, Ch. J.   No appeal lies to this court from the order of the General Term affirming the order of the Special Term confirming the report of the commissioners of appraisal. The condemnation proceedings were instituted under the provisions of the Rapid Transit Act (Ch. 606 of the Laws of 1875).   The first report of the commissioners was sent back for correction on the application of the petitioner, and was corrected in certain particulars and returned to the court at Special Term and was confirmed.   The petitioner appealed from the order of confirmation to the General Term, where the order was affirmed.   The petitioner seeks in this court to reverse the order of affirmance, on the ground that the commissioners treated the property of the respondent not as a

whole, but as consisting of three distinct parcels. The case shows that there was one tract on which there were three separate buildings, and the claim is that the depreciation of one piece should have been set off against the advantage to the others. The question does not go to the jurisdiction of the commissioners, and, upon the claim made, presents an error of law simply. We held in the case of *The Metropolitan Elevated Railway Company* (128 N. Y. 600) that condemnation proceedings under the Rapid Transit Act were governed by the rule applicable to proceedings under the General Railroad Act of 1850, and that the determination of the Supreme Court at Special Term confirming the report of commissioners is final, and that no appeal therefrom to this court can be taken either for error of law or fact. A similar determination was made in *The Matter of the Commissioners of the State Reservation at Niagara* (102 N. Y. 734) under a statute nearly identical, so far as respects this question, with the Rapid Transit Act. If the case presented a question of jurisdiction the rule might be different. (*Matter of S. B. R. R. Co.*, 143 N. Y. 253.)

The appeal should be dismissed.

All concur.

Appeal dismissed.