The power to institute, control and review, the proceedings of commissioners in street opening cases and in cases of taking lands for railroad purposes, is given to the Supreme Court, as the court of the Constitution, and not to the judges thereof, in such way that they must act as a tribunal of inferior jurisdiction created by statute, or as commissioners appointed by the legislature. (N.Y.C.R.R. v. Marvin, 11 N.Y., 276; Matterof Canal St., 12 id., 406; In re Osw. and Mid. R.R., 40 How. Pr., 335). It follows that at Special Term the court has all its powers in dealing with those cases, among which is the power to control all the proceedings had before it and to set them aside on sufficient cause shown. (12 N.Y., supra; 40 How. Pr.,supra; In re Mayor, etc., of N.Y., 49 N.Y., 150.) There are cases cited by the appellant, in which expressions are found in the opinions, to the effect that there exists no other remedy for the party considering himself aggrieved than the appeal to the General Term given by the statute. But those expressions are based upon the fact of the entire regularity of the proceedings of the commissioners, or upon a different view of the powers of the Supreme Court from that announced in the authorities cited by us, or were made where the facts of the case did not call for an adjudication upon this question. It is to be noticed of the case cited from 38 New York, 305, *Page 63 
that the report is just the reverse of the truth. The opinion there given was a dissenting opinion, in which the court did not concur but adjudged in direct opposition to the conclusions of it. (See 1 Alb. Law Jour., 265; 35 How. Pr., 644.) When cause is shown for setting aside an order confirming a report of commissioners, or for setting aside the order appointing the commissioners, it is for the court to judge of the sufficiency thereof. There is the power to entertain the motion to that end. If there be not an entire lack of merit in the motion, whether it shall be granted is a question of discretion. The exercise of that discretion may be questioned and reviewed at General Term, but not in this court. It is so in the kindred case of setting aside the report of a referee for his misconduct, or in refusing to do so, although there may be a substantial right involved in the determination. (Livermore v. Bainbridge, 56 N.Y., 72.)
It is good cause for the Special Term to set aside the proceedings in such cases, if there has been such carelessness or irregularity on the part of the commissioners, as amounts to misconduct by which a party has been harmed. The same reason which would lead to the setting aside of a verdict of a jury, or a report of a referee, for the misconduct, palpable mistake or accident of either, will suffice for the like interference with the report of commissioners; and what would authorize a Special Term to excuse the default of a party, and to set aside an inquest or a dismissal of a complaint taken at a Circuit, will empower it to interfere in these cases. It is not to be denied that the affidavits read by the respondents did disclose a case calling for the exercise of the power of the Special Term to investigate and of its discretion to act. Hence there is no appeal to this court from the order made by it and affirmed by the General Term.
The position of the appellants is not tenable, that by the confirmation of the report of the commissioners the title to the property taken was so vested in them as that this becomes an appealable case, within the decision of Rensselaer and SaratogaRailroad v. Davis (43 N.Y., 137). *Page 64 
There the party appealing was the owner of the premises taken before the proceedings were commenced, and the very ground of the appeal went to the right, at all, to institute the proceedings. His right was vested before the railroad company moved in the matter, and the question was whether it should be divested by such proceedings when there was no statutory ground for instituting them. Here the right of the appellants, if any, is the result of the proceedings, and depends upon the upholding of them; and the question at the Special Term was, whether they were not so vicious and irregular as that they should not be upheld. (See 49 N.Y., supra.) It is like the case of a plaintiff buying lands at a sheriff's sale on execution issued upon his own judgment. His title depends upon the validity of his judgment. If it is vacated, he has no foundation for his title. Surely, it is no reason that it should not be vacated, that he has bought and holds under it. Whether he holds, and whether it should be vacated, hang upon the same question, whether it is regular and valid.
It is true that the order not only sets aside the report of the commissioners, and again orders appraisal to be made, but it vacates the appointment of the first commissioners and makes a new appointment of others. The court had the power to revoke the appointment of the first commissioners for good cause shown; and it also had the power to set aside the confirmation of their report for good cause shown, and to reject it. When those things were done, there were no commissioners and no appraisal and no report. But there was before the court the petition asking for an appraisal, and for the appointment of commissioners to that end. The parties were all before the court. There was no reason why the court should not grant the prayer of the petition, and appoint commissioners and order an appraisal. It was no more bound to name the same commissioners than to name the same referee in a kindred case. It would be a new appraisal, in fact. In legal contemplation, it would be an original appraisal, for the other was then as if it had never been. So *Page 65 
that the appraisal directed by the order appealed from will not be, technically, the new appraisal of the statute (Laws of 1850, chap. 140, §§ 17 and 18); it will be the appraisal which the statute in the first instance authorizes. The fallacy is in assuming that the Special Term, in vacating the prior orders, was traveling in the path of the statute. It was exercising its inherent power over the proceedings of the court to annul, vacate and set them aside, which power stands by the side of the statute and goes with it. After this was done, it entered again upon the way of the statute.
As the Special Term had the power to entertain the motion, and as the moving papers showed matter for the exercise of its discretion, the order made by it and affirmed by the General Term is not appealable to this court.
The appeal must be dismissed.
All concur; ALLEN, J., not sitting.
Appeal dismissed.