IN THE MATTER OF THE APPLICATION OF THE PROSPECT PARK AND CONEY ISLAND RAILROAD COMPANY TO ACQUIRE TITLE TO LANDS OF MOYNAHAN AND OTHERS.

*Taking land for railroad purposes — compensation to landowners.*

Under an act of the legislature certain land was taken to be used as a highway, one section of the act gave a license to a railroad company to lay their track thereon and use the same. This license was subsequently declared invalid, because no compensation was made to the owners for the additional burden thereby imposed upon their lots.

In a proceeding instituted by the company to acquire title to the land under the general railroad act, *held*, that the commissioners to appraise damages should regard the land in the avenue as still forming a part of the parcels to which it had belonged, but subject to the easement of a highway, and should award as damages the difference between the market value of the whole property from which the railroad was to be severed, before the taking, and its value after the taking, with the railroad upon the land taken.

APPEAL from an order confirming the report of commissioners of appraisal appointed to appraise the compensation to be made by the petitioner, the railroad company, for the real estate proposed to be taken by the company for the purposes of their incorporation. The strip of land proposed to be taken by these proceedings is in the center of a public highway called Gravesend avenue, which had

been opened and graded by commissioners, pursuant to chapter 531 of the Laws of 1873, and an act amendatory thereof, being chapter 216 of the Laws of 1874. The company do not seek to extinguish the fee, but to acquire the easement for railroad purposes.

·The strip in question is owned in fee by twenty-two different owners, as appears by the petition and report herein, subject to the perpetual easement of the public therein as a highway.

The act allowing the railroad company to construct a steam road had been passed and had become a law, before the commissioners for opening Gravesend avenue had done any act under their appointment except to organize.

The commissioners herein awarded one dollar in each case, except three. In one of those three dollars and in the other two six cents.

*Benjamin G. Hitchings*, for the landowners, appellants.

*John H. Bergen*, for the respondent.

GILBERT, J. :

Notwithstanding the positive language of the seventeenth section of the general railroad act, the court has power to deny the motion to confirm the report of the commissioners of appraisement, upon proper cause being shown. It is not, however, sufficient cause to show that the commissioners erred in the *quantum* of compensation awarded; that is a matter which can be properly brought up ·for review only by an appeal from the report of the commissioners. (*Matter of N. Y. Central Railroad*, 64 N. Y., 60; Gen. Railroad Act, chap. 140 of 1850, § 18; L. 1854, ch. 282, § 6.)

Such an appeal is now before us, and it appears, from the papers, that the commissioners acted upon the principle that the landowners were entitled only to nominal damages. No doubt there have been cases where land in a highway has been taken for public use, in which the owner suffered only nominal damages; as, for example, where the taking was a benefit rather than an injury to the landowner, and the property actually taken had no appreciable value. The case of *The Southside R. R. Co.* v. *Broisted*, cited by the petitioners, it is to be presumed was such a case. It does not appear here, however, that the landowner has suffered more than nominal

damages. The taking of the land in the highway for the use of the railroad is a fresh taking of the property of the landowner, for which he is entitled to just compensation, Gravesend avenue was not taken originally for a railroad but only for a highway. The land was taken for that easement only. (Laws of 1873, chap. 531, § 4.) The license granted by the thirteenth section of that act, to the petitioner, to build and operate a railroad on said avenue, was ineffectual, because compensation had not been made for the land taken for that use, and the exercise of that license made the petitioner a trespasser. We are not called upon to review that legislation, for we have no power to reject it. Persons who complain of the injurious effects of statutes are quite too much in the habit of looking to the courts for redress, whereas the only remedy for such evils lies with the people alone, and consists in their power to turn out an unfaithful representative and to put a better man in his place. It does not follow that because the license was unavailing, that the damages, which are recoverable for a continuing trespass, constitute the measure of compensation to which the landowner is entitled for the taking of the land for such use. The rule is clearly otherwise. When the petitioner shall have duly acquired the property it will have a perfect right to use it for the purposes of a railroad. Such a use becomes at once lawful, and any indirect or consequential injury which may happen from such use, without fault or negligence of those who use the railroad, is *damnum absque injuria*. That principle was settled in *Radcliff's Exrs.* v. *Mayor of Brooklyn* (4 Comst., 195), and it has been followed ever since. What, then, is the rule of damages? I think it is in substance, the rule suggested by the respondent's counsel, namely: "The true inquiry is, what was the whole property from which the railroad was severed, fairly worth in the market, before the taking, and what was its value, after the taking, with the railroad upon the land taken?" After a careful consideration of the authorities I am satisfied that this is the true rule. If the railroad has benefited the land owner, such benefit cannot be taken into consideration, but in such case the value of the land actually taken must be awarded. But in determining such value, allowance must be made for the easements to which the land had been previously subjected. In some cases that would naturally reduce the compensation to be awarded to a

nominal or nearly nominal sum. If the taking is an injury to the landowner beyond the value of the land actually taken, such injury must be measured by the depreciation of his remaining property, which was caused solely by such taking ; for, it is only for the *taking of property* that the Constitution requires compensation to be made. The legislature may, unquestionably, require compensation to be made for indirect and consequential damages ; but they have not done so in the present instance. We are, therefore, remitted to the provision of the Constitution which requires compensation to be made for the *taking* of private *property*, and not for the *use* to which the property may be legally subjected *after* it has been taken.

Applying that rule to the case before us, we think the commissioners should regard the land in the avenue as still forming a part of the parcels to which it belongs, but subject to the easement of the avenue. The compensation to be awarded will be ascertained by an application of the principle stated, to land in such a condition.

The report of the commissioners must be set aside and sent back to Daniel Chauncey, James S. T. Stranahan and Richard Ingraham, who are hereby appointed commissioners.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirming report of commissioners reversed, and report set aside and proceedings sent back to Daniel Chauncey, James S. T. Stranahan and Richard Ingraham, commissioners, without costs to either parties.