IN THE MATTER OF THE APPLICATION OF THE PROSPECT PARK AND CONEY ISLAND RAILROAD COMPANY TO ACQUIRE LANDS OF MICHAEL SHEEHY.

SAME TO ACQUIRE LANDS OF JOHN C. VAN SICKLER AND JACOBUS RYDER.

*Commissioners to appraise damages caused to the owner of land, by reason of its being taken by a railroad — when a second report will be held conclusive.*

Where the report of commissioners appointed to appraise the damages resulting to the owners of land, by reason of its being taken for railroad purposes, has been set aside by the General Term, on the ground that they erred in only awarding nominal damages to the owners, and a new set of commissioners has been appointed who have made their report, by which nominal damages only are awarded to the owners, the court will not in the absence of fraud, corruption, misconduct or misapprehension, set aside the last report and appoint a new set of commissioners.

APPEAL from the report of commissioners appointed to appraise the damages to be awarded to the owners of land to be taken for railroad purposes, and from an order made at Special Term confirming the same.

*Benjamin G. Hitchings*, for the appellants, Sheehy, Ryder and Van Sickler.

*John H. Bergen*, for the railroad company, respondent.

DYKMAN, J.:

So far as we can do so, we have settled the law of this and other similar cases in this court. In May, 1878, this court held that the rule of damages in the matter was the same as that laid down in the matter of the *Utica Railroad Company* (56 Barb., 457), which was the difference between what the place as a whole would bring in the market without the railroad, and what the residue will bring after the railroad is constructed, and that everything which will depreciate the value of that residue is to be taken into account. Again, in September, 1878, on a motion for a reargument, we held that the land owners are entitled to the actual value of land taken, and the depreciation of the residue of the lot from which it is taken, and also to any depreciation caused by the use to which the land taken is to be appropriated. We set aside the first report of commissioners to ascertain the compensation to be paid to the land owners, because we concluded they had adopted an improper measure of damages. We at the same time appointed new commissioners who have likewise awarded nominal damages, and now we have their report before us on appeal also. We think this report must give us pause. It is not sufficient for its nullification that we are dissatisfied with the finding, nor that we would not reach the same conclusion. The facts are not for us nor for our determination. The law constitutes the commissioners the tribunal for their decision. If there has been carelessness, irregularity or misconduct on the part of the commissioners, or if they have adopted improper rules of law, their report may be set aside.

The only complaint here is that the measure of damages adopted by the commissioners was improper. This position cannot be assumed and it has no evidence for its support. On the contrary, it must be assumed that the commissioners were made aware of the decision of this court on that question, and that such decision was a law unto them, and that under such rule they have found, after examination and investigation, as a fact, that there results no damage to the land owners. Over this question we have no control. We cannot make a determination of it ourselves. We can only appoint commissioners for that purpose. The legislative provision that the second report of commissioners shall be final and conclusive on all the parties interested, though very emphatic, does not deprive

the parties of the right of review nor prohibit the exercise of the supreme superintendence possessed by this court over all inferior tribunals and bodies.    Such power may be exerted in the correction of errors or misconduct which would set aside the report of a referee or the verdict of a jury.    (*Matter of New York Central, etc., R. R.*, 64 N. Y., 60.)    Yet this expression of the legislative will is entitled to respect and certainly means something, and where two sets of commissioners have reached the same result, in the absence of fraud, corruption, misconduct or misapprehension, there is not sufficient reason for setting aside the last report and appointing a new set of commissioners.    There must be an end in this kind of litigation as well as in actions of law.    This court has endeavored to secure compensation to the land owners on this avenue under the belief that justice so required.    But, as already stated, we cannot determine the facts relating to the amount and quantity of such compensation.    We organized the body designated by law for the decision of that question, and we have an honest report.    If it is a mistaken one it must stand and be final, as would the verdict of a jury on a disputed question of fact.

The order appealed from must be affirmed, but without costs.

The same result follows in the case of *John C. Van Sickler* and *Jacobus Ryder*.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Orders and reports of commissioners affirmed, without costs