IN THE MATTER OF THE PETITION OF THE NEW YORK ELEVATED RAILROAD COMPANY, RELATIVE TO ACQUIRING TITLE TO CERTAIN PROPERTY IN THE CITY OF NEW YORK.

*Appraisal of damages for land taken by a railroad — mode of reviewing the report of the commissioners.*

Commissioners were appointed, under the provisions of the general railroad act, to appraise the compensation which should be made by the New York Elevated Railroad Company for certain rights, privileges and easements belonging to one Story which had been taken by it. A report made by the commissioners was sent back to them with directions to set forth what they considered to be easements, for which they had allowed damages, and what damages they had allowed for such easements respectively. A second report was made stating the subjects included in their award of damages so far as the commissioners deemed it practicable so to do. Thereupon the petitioner moved to set aside the report, for the appointment of new commissioners, or for such other or further relief as to the court might seem just.

*Held*, that as no irregularity in the proceedings before the commissioners was alleged, the court could not set aside the report or remove the commissioners but should enter an order confirming the report.

That, under the prayer for "other or further relief," the court, upon this applica·
tion, should make an order so confirming the said report, leaving to the peti-
tioner his right to review the report upon the merits, upon an appeal therefrom·
taken under section 18 of the general railroad act.

MOTION by the petitioner to set aside the report of commissioners, and for the appointment of other commissioners, or such other or further relief as to the court may seem just.

This matter comes before the General Term upon a report made by certain commissioners appointed under the provisions of the general railroad act, to ascertain and appraise the compensation which ought to be made by the New York Elevated Railroad Company for certain rights, privileges or easements of one Rufus Story, in the city of New York. Upon the petition of the company, an order was made by the General Term appointing commissioners "to· ascertain and appraise the compensation to be made to the said Rufus Story, as the owner or person interested in the property proposed to be taken for the purposes of the incorporation of the said company, which said property is situated in the said county of New York, and is described as follows: "So much of the privilege, easement or other interest in Front street belonging to the said Rufus Story, or appurtenant to the lots numbered seven and nine on that street, as is taken by the petitioner for its use as an Elevated Railway Company." The commissioners who were appointed having declined to act, others were subsequently appointed in their place, who proceeded to take testimony and hear the parties.

The matter coming on to be heard before the commissioners, the railroad company put in testimony to show the nature and extent of their structure in Front street in front of the premises of Mr. Story, and the amount of interference caused by the structure with light, air and access, which interference the company claimed to be inappreciable and of merely nominal amount. Evidence was introduced on behalf of the claimant Story, intended to show depreciation in the value of his property by reason of the existence of the elevated railroad in Front street, this depreciation being caused, as claimed by Mr. Story's witnesses, by the operation of the railroad and by the smoke, noise and other annoyances caused by the running of the trains as well as by the unsightliness of the structure, and by the obstruction to light, air and access. After the close of the testi-

mony the commissioners made a report, dated the 23d day of July, 1884, to the effect that they had " examined the real estate and property owned by said Rufus Story, and described in said petition and order," and had heard the proofs and allegations of the parties in respect thereto, and ascertained and determined the compensation which ought justly to be made by the said company to the said Rufus Story " for the said real estate, easements and property above described, to be the sum of $15,000."

Counsel for the company thereupon served upon the attorneys for Rufus Story, a notice dated September 24, 1884, to the effect that they should present the appraisal and report to the General Term on the 6th October, 1884, and should move " that the said appraisal and report be set aside and a new appraisal be made, for the reason that the said appraisal and report do not properly or sufficiently describe the land or property to be taken by the said railway." The notice further reads as follows : " But if the said motion is denied, we shall move for a confirmation of the said report, subject to the said objection, and subject to the right of appeal from the said appraisal and report of the said commissioners, which appeal will be taken soon as the said report is confirmed." The matter coming on to be heard before the General Term upon this notice, and having been argued by counsel for both parties, the court made an order as follows :

" *Ordered*, That the report of the commissioners in this matter be sent back to such commissioners, with directions to make a further report, setting forth what they have considered to be easements, for which they have allowed damages in and by their report, and what damages they have allowed and awarded for such easements respectively."

A further hearing having been had before the commissioners, they made a further report, dated January 17, 1885, in which they report :

" 1. That they have been attended by the counsel for the parties interested, but that neither party offered any evidence or claimed the right to offer any upon the rehearing before them.

" 2. That the easement for which they allowed compensation in their report, is the right or privilege of Mr. Story to have Front street, opposite to his premises, kept open and unobstructed, and

continued as a public street for the benefit of his abutting property.

" 3. That while on the original hearing before them, the easements of light, air and access were the only ones considered, no testimony was given, nor have your commissioners any knowledge upon which these easements can be divided so as to attach values to each of them separately, or to so much of each of them as has been taken by the petitioner.

" 4. That their personal observation satisfied your commissioners that the easements of light, air and access of Mr. Story's property were all seriously interfered with and impaired by the construction and operation of the petitioner's railroad in front of the property.

" 5. That your commissioners, in their report, described the property taken in the words of the petition, which was the only attempt at precise description furnished to them, and that, in the opinion of your commissioners, the easements taken are not susceptible of more definite and accurate description.

" 6. Your commissioners stated, in a memorandum accompanying their report, the rule of compensation adopted by them, and the authorities which led them to believe that to be the rule of law in such cases in the State of New York. If a new and different rule of compensation is to be adopted, they felt it to be for the court, and not for them as commissioners, to indicate what it should be."

This further report having been filed, counsel for the company gave notice to the counsel for Mr. Story that they should bring the same to the attention of the General Term on the 23d day of January, 1885, and should " ask that the court make such disposition thereof, or such further directions thereon as may to them seem proper in connection with the report heretofore filed, and with the proceedings herein and the notice of motion heretofore served upon you upon the coming in of the former report."

Counsel for both parties were present on the day named, but counsel for Story insisted that he was entitled to a more definite notice of the application which the railroad company sought to make, and the matter was accordingly adjourned in order that such notice might be given. The company thereupon gave notice to counsel for Story, that they should move " that the said report of the commissioners heretofore made, and the said further report of

the said commissioners, be set aside, and that new commissioners be appointed by the court, and that the matter be referred to such new commissioners for consideration, in accordance with the statutes in such cases made and provided, or that such other or further relief be granted in the premises as to the court may seem just."

*Henry H. Anderson* and *William B. Hornblower*, for the motion.

*John E. Parsons*, opposed.

DANIELS, J.:

The commissioners were appointed to ascertain and appraise the compensation to be made by the petitioner to Rufus Story for so much of the privilege, easement or other interest in Front street belonging to him, or appurtenant to lots 7 and 9 on the street, as was taken by it for its use as an elevated railway. The right of the owner to compensation was determined in his favor in *Story* v. *New York Elevated Railroad Company* (90 N. Y., 122), and also that this proceeding was authorized by the statute to ascertain the amount of such compensation. The railroad was constructed over the carriage-way of the street, and stood upon columns placed on the curb-line of the sidewalk in front of these premises. It was about fifteen feet above the surface of the street, and is alleged to have interfered with the light and air previously enjoyed by the owner in the occupancy and use of his premises, and in the means of access to and from such premises, and it was to compensate him for this interference that the proceedings were instituted. They resulted after a hearing before the commissioners, in an award in his favor, amounting to the sum of $15,000. The report of the commissioners was made in very general terms, and on the application of the petitioner an order was afterwards made requiring them to make a further report setting forth the easements for which they had allowed such damages, and what damages they had allowed and awarded for such easements respectively. In compliance with this order they have made a further report, stating as far as they appear to have regarded that as practicable, the subjects for which the owner was entitled to be compensated by their first report. This report has also been objected to, as not sufficiently definite or explicit to enable the parties, or the court, to understand precisely for what

the amount allowed is intended to be a compensation.   But the supplementary report does state the subjects included in the determination of the commissioners, and for which they have allowed the sum in bulk mentioned in their original report.   Under, the evidence, they regard these subjects as incapable of any more definite or accurate description than that which they have given of them, and it would accordingly be useless to send the reports to them again for any more detailed description of the items intended to be included in their award.

' From the reports which they have made it can be ascertained what subjects they considered as the basis of their award, which will enable the company, as it is dissatisfied with the amount, to secure as intelligent a review of the proceedings and determination of the commissioners as may ordinarily be afforded in proceedings of this description.

No irregularity appears to have intervened in any form in what has taken place before the commissioners, and no ground therefore has been presented for setting aside the report under the authority of the case of the *New York Central, etc., Company* (64 N. Y., 60). Where that cannot be done by section 17 of chapter 140, Laws of 1850, the report of the commissioners is required to be confirmed, and that was considered to be the obvious effect of the act in the *Rochester, etc., Railway Company* v. *Beckwith* (10 How., 168, 175), and also in the *Application of New York Central Railroad Company to Acquire Lands of Pierce and Others* (recently affirmed in the Fifth Dept.*)   The order of confirmation follows as a matter of course, where the proceedings have been regular, upon the presentation of the report of the commissioners.   The railroad company has not, by its notice, specially asked for such an order, but under the concluding clause of the notice, by which other or further relief has been applied for, as to the court may seem just, and the owner being entitled, upon the facts appearing, to have that relief directed, an order to this effect may be made, for under that clause in the notice it has been held that relief may be awarded to such an extent as is warranted by the facts plainly appearing in the papers on both sides (*Thompson* v. *Erie R. R. Co.*, 45 N. Y., 468, 476) ; and that order is plainly warranted by the facts now appear-

---

* Reported *ante*, page 306.

ing before the court. Its entry does not deprive the railroad company of its right to draw in question the legal accuracy of the proceedings before the commissioners, including their final determination. For by section 18 of the same act the right of appeal has been secured to either party dissatisfied with the report, by the service of notice within twenty days after its confirmation, and that appeal may be heard at the General or Special Term of the Supreme Court; and on its hearing the court may direct a new appraisal before the same or other commissioners, in its discretion. That is the legal and appropriate mode of reviewing and considering the effect of the evidence, and the proceedings of the commissioners depending upon it, and involving the merits of the controversy. (*Matter of N. Y. Central R. R. Co., supra.*) The confirmation of the award of the commissioners has been in no manner allowed to stand in the way of this appeal, or of the complete review of the decision and determination made by the commissioners, and the rights of the railroad company, whatever they may be alleged to be, will be in no way prejudiced by this confirmation; and it seems to be a precedent circumstance to the right of review provided for by the statute.

An order should be made confirming the report of the commissioners, and deferring the consideration of the objections presented by the counsel for the company, until an appeal from the award may be taken and brought to a hearing before the court.

BRADY, J., concurred.

DAVIS, P. J.:

The confirmation of the report is under the statute necessary to put the case in position for a review of the merits of the several questions sought to be raised. An appeal can then be taken as shown by DANIELS, J., on which all the questions both of law and fact that can in any form be reviewed by this court will be presented. It is to be regretted that the commissioners found themselves unable to designate more specifically the particular easements they had considered in making their award, and the respective values of such easements to which they thought the owner of the lot entitled, because that course would remove difficulties that may prove very embarrassing on an appeal. But the certificates of their

inability to do that must be taken as sufficiently showing that they have done all that seemed to them to be in their power to comply with the suggestions of the court. This is not such an irregularity as permits or requires the setting aside the report and vacating the appointment of the commissioners.

I concur therefore in the making of the order of confirmation as suggested in the opinion of Daniels, J., without prejudice to any appeal that may be taken by either party pursuant to section 18, of the general railroad act.

Order directed confirming report of commissioners.