IN THE MATTER OF THE PETITION OF THE NEW YORK, LACKA-
WANNA AND WESTERN RAILWAY COMPANY,
RESPONDENT, TO APPRAISE CERTAIN LANDS OF HARRIET A.
BENNETT AND OTHERS, APPELLANTS.

*Power of the court to vacate an order appointing commissioners to appraise damages —
it may do so even though the parties have agreed to be bound by the decision of
certain persons named in the agreement, when appointed by the court.*

The petitioner, being desirous of acquiring certain lands owned by the appellants,
entered into an agreement by which the appellants agreed to sell and convey
the premises to the petitioner, which agreed to purchase them at a price to be
determined in proceedings to be taken, pursuant to chapter 140 of 1850, and
the acts amendatory and supplementary thereto, by three commissioners,
named in the agreement, who were to be appointed by the court to ascertain
and determine the compensation to be made by the company. The persons
named having been appointed commissioners made their report, which was
reversed on appeal by the General Term, its decision being affirmed by the
Court of Appeals. The matter was sent back to the same persons, the appel-
late courts holding that they had no power to appoint any persons other than
those named in the contract to act as commissioners.

During the pendency of the second hearing the petitioner moved for and procured
an order vacating the order appointing these persons to act as commissioners
upon the ground of their misconduct.

*Held,* that the court had power to make the order, but that it should be modified
by requiring the petitioner to consent to such modification of the contract as
would permit the court to appoint three other suitable persons as commis-
sioners, if requested so to do; and that in case the petitioner declined to
consent to this modification the order should be reversed. (BARKER, J.,
dissenting.)

That the court was not required to send the petitioner to a court of equity to
there obtain a decree rescinding the contract. (BARKER, J., dissenting.)

APPEAL from an order of the Erie Special Term revoking
a previous order of the same court appointing Nelson R. Hopkins,
Brigham Clark and Robert Dunbar, commissioners to appraise the
lands in question.

The order of their appointment was based upon the petition of
the railroad company, which was in the usual form of petitions,
under the general railroad act for condemning lands of which the
petitioner is unable to acquire title by purchase. The order was in
the usual form; as a matter of fact, however, the parties had, previously
to the presentation of the petition, entered into a written agreement,

under seal, by which the owners were to sell and convey the premises to the petitioner, every matter connected with the sale being fully settled upon except as to the price to be paid for the premises, and for the purpose of determining that, the contract provided that the petitioner should take proceedings under the general railroad act and present a petition to the Supreme Court with all due diligence for the purpose of ascertaining the value of the premises and of the erections thereon, and the compensation which should be paid therefor, and stipulating that the said commissioners should be appointed commissioners " to ascertain and determine the compensation which ought justly to be made by the company to the parties owning or interested in the property, and that the decision of a majority of them should be as binding upon both parties as the decision of all." It was further stipulated that, in estimating the valuation and compensation, the commissioners should be governed by the rules of law applicable to proceedings under the statute, except as they were modified by the agreement, and that all rights of appeal given by law were reserved to either party. There were various stipulations in the contract as to the mode and manner in which the property sold might be enjoyed by the owners in the nature of an easement. One of the parties to the contract of sale was also the owner of adjacent property, and the petitioner, by the terms of the agreement, secured an agreement as to a portion of such property, the character of which it is unnecessary to describe. The agreement also provided that the commissioners, in ascertaining and determining the compensation to be allowed, should take into consideration the easement to be enjoyed by the respective parties in the future use of the adjacent property, and also in determining the sum to be awarded they might act upon their own knowledge and information as well as upon such evidence as either party might produce. Among the other covenants was one that, when the compensation to be paid was ascertained, the owner should execute a conveyance conveying a perfect title, containing the usual covenants of seizin and for quiet enjoyment. In consideration of the payment of the sum awarded by the commissioners, the owners agreed to convey interests in other property to the railroad company, and the latter stipulated to lay down tracks to an elevator owned by Mrs. Bennett, situated upon the adjacent premises. When the order appealed

from was granted the commissioners were engaged in a second hearing. Their award, upon the first hearing, was set aside by the General Term because it was produced by the application of erroneous principles as was indicated by the reception of incompetent evidence, which was pointed out by the court in its opinion, which is reported in 33 Hun, 639. The petitioner, on the hearing of that matter, asked the court to appoint new commissioners under the provisions of the general railroad act, which the court refused to do, on the sole ground that it did not possess the power, as the order of their appointment was based upon the contract of the parties. On an appeal to the Court of Appeals from this part of the order, the same was affirmed. (98 N. Y., 447.) The motion to vacate the order appointing the commissioners was founded upon affidavits and based upon the charge and allegation that two of the commissioners, Dunbar and Clark, had received evidence on the second hearing of the same nature and character which this court had ruled erroneous and objectionable, and because two of the commissioners had declared that they would not follow or be governed by the opinion of the General Term, nor follow the rules of law as laid down in its opinion and on other grounds. The order of revocation from which this appeal is taken wholly vacated and set aside the previous order appointing the commissioners.

*Norris Morey*, for the appellants.

*Sherman S. Rogers*, for the respondent.

BRADLEY, J.:

The leading question presented is one of power of the court to make the order appealed from. The contract between the parties was for the sale and purchase of the premises, and the method of ascertaining the price to be paid was agreed upon; and it may be assumed that it was pursuant to the contract that the proceedings were taken and the commissioners named in it appointed. It is, therefore, contended that the parties were bound by the contract, and that the court in like manner is required to observe in the proceedings its provisions, and cannot by any judicial action therein defeat its operation and effect on the parties. The contract provided that " all rights of appeal given by law shall be reserved to

either party." On the appeal taken from the appraisal and report the General Term held that the court had not the power to order a new appraisal before new commissioners (33 Hun, 639), and that proposition was affirmed by the Court of Appeals. (98 N. Y., 447.) This was put upon the ground that the proceeding was taken in subordination and pursuant to the contract by which the parties had selected and agreed upon the persons who should be appointed the commissioners to make the appraisal, and such stipulation was one of the considerations which produced the agreement for the sale of the property and the other provisions contained in it. And the latter court in that respect remarked that "Mrs. Bennett did not agree to convey her property for a compensation to be fixed by any three persons to be appointed by the court, but for a compensation to be fixed by the three persons named under the precise conditions specified in the agreement, and it would certainly be contrary to the understanding of the parties that she should be compelled to part with the property for a compensation to be fixed in any other way."

It is, therefore, settled that the court has no power to appoint new commissioners of appraisement in this proceeding, and as a conse- quence the vacation of the order appointing them effectually defeats the execution of the provisions of the contract between the parties and the consummation of the contemplated sale provided for by it.

And while it leaves the contract unaffected as made between them, it renders it valueless for any practical purpose. It is con- tended, on the part of the appellants, that the court cannot in this manner relieve a party from the obligation of his contract, and cites *The President, etc., of Delaware and Hudson Canal Company* v. *Pennsylvania Coal Company* (50 N. Y., 250), which was an action to recover toll for transportation of the defendant's coal on the plaintiff's canal. And it appearing that a contract had been made to the effect that if the parties could not agree on the rate of toll the matter should be submitted to arbitrators to fix the rate, the court held that the agreement was binding, and that on failure to agree on such rate the opportunity of the defendant to submit to arbitra- tion was a condition precedent to the right of recovery. And ALLEN, J., in delivering the opinion, said : "No other mode or manner was thought of or prescribed ; and this manner being pre- scribed necessarily excludes every other method, as clearly and

effectually as if the parties had said in terms that the rate should not be established by a resort to the courts, or in any other manner, except by the parties, or, in case of their disagreement, by disinterested persons to be chosen for that purpose. *Expressio unius est exclusio alterius.*" Reference is also made to a class of cases holding the familiar rule that the provisions in contracts for the performance of work, that payment shall be made upon certificates of satisfaction of architects or upon estimates of engineers, when made to depend upon them, are conditions precedent, and holding in like manner in respect to contracts fixing the mode of ascertaining the amount to be paid. Also, to cases in which the courts have declared the effect of agreements upon which proceedings are founded, and effectuated the purpose of the parties represented by them.

In *McGheehen* v. *Duffield* (5 Penn. St., 497) the party was not permitted to effectually revoke a submission to arbitration, after an award having been made and filed was returned to the arbitrator for correction, and before the corrected award was filed, because the agreement was not one of naked submission but was a contract upon sufficient consideration, and, " therefore, beyond the dominion of either party after its execution."

In *Bank of Monroe* v. *Widner* (11 Paige, 529), where a foreclosure suit before the vice-chancellor (who had been counsel for one of the parties) was, by written agreement of the parties, referred to a solicitor to hear and decide, and by which it was stipulated that a decree should be entered on the decision which was made, and a decree entered referring it to a master to compute the amount due, etc. The defendant's motion to set aside the decree was denied. The court held that the agreement was binding on the parties, and the defendant had no right to revoke the power of the referee so as to prevent his making the decree of foreclosure and sale on the coming in of the master's report. The court treated it as an arbitration, and the chancellor said that the defendants might probably have revoked their consent to the submission at any time before it had been heard by the referee and left for his decision ; and that " it is impossible for the court to set aside that decretal order * * * without making a new agreement for the parties without their consent."

Our attention has not been called to any cases giving greater sup-

port to the contention on the part of the appellants than those already referred to. The contract was voluntarily made between the parties and fairly entered into without any fraud or mistake in any respect so far as appears. And by its terms no right to go to the court for relief against any of its provisions was reserved. And it is, therefore, urged by the learned counsel for the appellants, that the only right the defendant has is in its execution, and that such is the only aid of the court which it is entitled to seek. And that the power of the court cannot be distinguished from the legal right of the party.

The proceeding in form is an ordinary one for such purpose taken in court, and has its force as such proceeding in the action of the court. Although behind it as between the parties there is this contract. Although independent of the legal proceeding, it so governs the rights of the parties as to make the action of the court as between them pursuant to it, and on being advised of this contract the court will observe its provisions in so far as not to permit the proceeding to go in violation of its provisions. Hence it was that the court held it had not the power to put new commissioners into the proceeding. And the Court of Appeals, in the opinion delivered on the former appeal in this case, said that " the agreement of the parties bound them and concluded the court in that proceeding, and the court was bound, as between the parties, to observe, enforce and carry out the agreement. * * * Here the agreement of the parties was a factor which the court was bound to recognize and to give proper weight and significance. Whatever in that agreement bound the parties bound it." These views had reference to the proceedings taken and which might be had in the matter. And thus far there can be no question that the parties in going forward with or in that proceeeding, must observe the situation and relation which they had assumed by their contract, but that is not the precise question here. The inquiry now arises whether the court may, for reasons which appear to it, decline to entertain the continuance of the proceeding in the manner stipulated in the contract.

In the consideration of this question it must be borne in mind that the proceeding is an independent one in court, founded upon a petition in the usual form, and has all the appearances of legal procedure usually attending those for such purpose. The contract is

no part of its record. It is only the monitor which the parties have themselves created for their direction in particular respects, and while the court will not permit them to proceed in violation of it in the proceeding so taken, it may decline to be the instrument to do so through the forms of law when adequate reasons are brought to its attention, why it should not lend its aid in that direction. It was in that view that the Court of Appeals, by the opinion of Judge EARL, further declared : " It is undoubtedly true that the court at Special Term was not bound to appoint the three commissioners named by the parties. It could have refused to appoint them, and have left the parties either to abandon their agreement or to carry it out in some other way." It may be said this was *obiter*. And it is true that it was not necessary to the decision of the case, but the discussion involved the consideration of the powers of the courts in legal proceedings, and we think the proposition was a correct and fundamental one as applied to the legitimate power of the courts, and it is fairly within the duty of the court to deny to a party that which it has become satisfied will be improvident, unjust or unreasonable, even if the application upon which the proceeding is founded is a stipulation of the parties which binds the other party, and who can only suggest to the court reasons why it should not be executed through the form of legal proceedings. The cases cited on the part of the appellants have relation to the effect upon the parties of agreements between them, and to the observance by the courts of the conditions to relief which they contain, and that a remedy will not be given by the courts in violation of them or only through their execution. They have no application here, except as relates to the obligation which the contract creates as between the parties. This contract has not been executed by any order or judgment of the court founded upon any award. The proceeding has been initiated by the order appointing the commissioners. The petitioner suggests to the court alleged reasons why it should not further entertain the proceeding, because the appointment of the commissioners named, as it has turned out, was ill-advised and improvidently made. If that is the situation it is difficult to see any want of power in the court to vacate its order. What it may decline to do originally it may effectuate by withdrawing its support which has been given to an action or proceeding by its

process or order. The legal right of a party is to make suggestions to the court for its action in that respect, which does not depend upon the legal right of the party to be relieved from his contract, but upon that of the court to control its proceeding and action in so far as in its judgment the right of the party as recognized by it may require, and in so far as not to permit the proceeding to be taken to a result in violation of the contract which may be binding on the parties. The order in question does not interfere with the contract as made between the parties, and it must be assumed that it stands binding upon them until rescinded, which, if the order is sustained, the appellants may accomplish, as its performance is defeated by the refusal of the court, by its order, to entertain the proceeding contemplated by it, on the application and at the instance of the petitioner. The situation of the parties by force of this order is that in which they were placed by the contract after it was executed and before the original order was made. If the cause was sufficient to justify the conclusion that the commissioners were not suitable persons for the performance of the judicial duties required of them as such, we think the court had the power to vacate the order of their appointment, and do it in the proper sense of the term, which does not distinguish power from duty of the court in the administration of justice. This power of the Special Term of vacating such orders in statutory proceedings of this character has with approval been exercised (*Matter of N. Y. C. and H. R. R. R. Co.*, 5 Hun, 105; S. C., 64 N. Y., 60) and is deemed a matter of discretion. (*In re P. P. and C. I. R. R. Co.*, 85 N. Y., 489.)

Our attention has been called to no case presenting the situation produced by this contract where such order has been made. The case in that respect is novel perhaps, but it is not seen how that feature affects the power, and in a proper case the duty of the court to stay the proceeding in it and leave " the parties either to abandon their agreement or to carry it out in some other way." This is within the inherent powers of the court. (*Lowber* v. *Mayor*, 26 Barb., 262; *Baldwin* v. *Mayor*, 42 id., 549.) In *Beddow* v. *Beddow* (L. R., 9 Ch. Div., 89; S. C., 25 Moak, 786) it was held that the court would restrain by injunction an arbitrator from acting in any case in which, in the opinion of the court, he is unfit or incompetent to

act. And substantially the same was held in *Malmesbury Railway Company* v. *Budd* (L. R., 2 Ch. Div., 114). Those were actions in equity. This court at Special Term may exercise equity powers upon motions in actions or proceedings in the court where the question upon which relief depends can in that manner be presented to the satisfaction of the court, and the question is one of propriety rather than power whether the motion will be entertained or the party asking the relief be put to his action. And this discretion is governed much in such cases by the character of the matters involved and the nature of the controversy presented. (*Wetmore* v. *Law*, 34 Barb., 515–517; *Smith* v. *McCluskey*, 45 id., 617; *Hale* v. *Clauson*, 60 N. Y., 341.)

There seems to be no substantial reason why the motion was not a proper remedy for the purposes in view. The court has control over its own orders, judgments and proceedings, and may exercise its power in that respect at the instance of any person whose rights are or may be injuriously affected by them within well recognized limits. The court was not required, by the fair exercise of its judgment, to send the petitioner to its action in equity to embrace, within the controversy and the relief sought, the question of rescission of the contract. That was a matter wholly between the parties and was no part of the legal proceedings and over it the court had no control. The effect upon it was the proper subject of consideration upon the motion, but not necessarily the governing one, and the granting the order did not necessarily require the judicial conclusion that the contract should be annulled.

The fact that the award the commissioners should make, if they proceeded to that result, would be final and conclusive, was not an unimportant one for the consideration of the court upon the merits of the application. This finality is a qualified one and goes to the right of review by appeal only. (*In re Mayor, etc.*, 49 N. Y., 150–154.) And does not take away the restricted right of motion to set aside the award for irregularity, fraud or misconduct of the commissioners. (*Matter of N. Y. C. and H. R. R. R. Co.*, 64 N. Y., 60; *Matter of P. P. and C. I. R. R. Co.*, 85 id., 489.)

This is a right incident to all judicial proceedings and actions for the protection against wrong and injustice arising out of circum-

stances which go to the disclosed motives, irregular conduct or action of a judicial body. And is fundamental.

But a party is not required to wait until action is taken and judgment announced before taking steps for relief, if he is advised that reasons exist why he should not be subjected to the action of those who are vested with judicial power, if such reasons so relate to their quality or fitness as to reasonably give apprehension that the result may not come from their impartial judgment or from a proper appreciation of their duties. (*Beddow* v. *Beddow, supra.*) A party may waive any interest in a person selected for a judicial duty, except, perhaps, that arising out of consanguinity to one of the parties (*Oakley* v. *Aspinwall,* 3 N. Y., 547; *Chambers* v *Clearwater,* 1 Abb. App. Dec., 341); but it is assumed, until the contrary appears, that when vested with such power it is upon the faith and with the understanding that no relation or interest will exist or intervene to interrupt the exercise of his impartial and unbiased judgment. The causes which are asserted as the reason for the application made by the petitioner have relation to two only of the commissioners. It cannot now be demonstrated that their judgment would not be fairly exercised, or that the result they would give to the proceeding before them would not represent exact justice between the parties. It is upon apprehension only that the moving party and the court can act; that may depend upon circumstances which do not reflect upon the moral quality of the persons, and no such imputation necessarily results from the order in question. The alleged causes which induced the motion did not exist or were not known by the petitioner at the time the order of appointment was made. And while they may not be decisive of the impropriety of continuing the hearing to a result before them, we are not prepared to say that the discretion of the Special Term was not fairly exercised in view of all the circumstances presented by the record. And without here referring to them in detail, we are inclined to think they were sufficient to justify the conclusion there reached. But the agreement of the parties should not fail in other respects for want of means of performance, if the appellants desire to have it consummated.

This can be done by such modification of the contract, by consent, as will authorize the court to appoint other commissioners to carry

it out. And if they do not desire this and want the contract rescinded, the petitioner should consent and do what may be necessary on its part to accomplish it.

The order in granting the motion should be so modified as to require the petitioner to consent to such modification of the contract as will permit the court to appoint three other suitable persons as commissioners, provided application is made to its attorneys, and they are requested to do so by the attorneys for the appellants within ten days after service upon them of a copy of the order entered upon the decision of this appeal. And if they refuse on such application and request to give such consent, the motion should be denied with costs, and as so modified the order should be affirmed, without costs.

HAIGHT, J., concurred ; SMITH, P. J., not sitting.

BARKER, J. (dissenting) :

It has already been determined in these proceedings by the decision of the highest court in the State, after a full and deliberate consideration of the question, that the commissioners appointed by this court on the stipulation of the parties as contained in their written agreement, cannot be removed without their consent, except for a cause sufficient in law for the termination of the contract. The discussion on that question is over, and the decision is adverse to the views and argument of the learned counsel for the respondent. It is the duty of this court to recognize and follow the legal proposition involved in that determination. (*In re N. Y., L. and W. R. Co.,* 98 N. Y., 447.)

The parties to the agreement for the sale of the lands made it one of the terms of their agreement that the consideration to be paid therefor by the company should be determined by the individuals who were named as the commissioners in the order of their appointment. If for any cause occurring since their appointment they have become disqualified to act in the capacity conferred upon them by the contract, then it is obvious, and it needs no argument to prove, that neither party is under any legal obligation to observe and perform any of the provisions of the agreement. If the order appealed from is allowed to stand, the necessary effect will be to terminate the agreement and relieve both parties from its performance.

None of the grounds upon which the revocation is based existed at the time the order was granted, nor is it pretended that either party or the court was deceived, misled or defrauded in consenting to the appointment of the persons named as commissioners, or as to the form in which the order was entered. The contract contemplated that the court would give its consent to the appointment of the commissioners, and as this has been done in the precise manner marked out in the agreement, it is obviously fair and just, with a view to the full protection of the rights of both parties, that the order should not be revoked and set aside, unless at the same time and in the same proceeding, and by a court of competent jurisdiction, the contract for the sale of the premises is also declared to be at an end and both parties relieved from all their obligations created thereby. It would be manifestly unreasonable for the court to declare that the contract remains in full force and binding on the parties after they had been deprived of the means mutually adopted for the purpose of ascertaining the consideration which the company should pay to Mrs. Bennett for the property which is the subject of the contract. In no other way than by an appraisal by the persons named can the value of the property be determined so as to enable the parties to carry out the terms of their executory agreement. In this connection we may quote freely from the opinion of Mr. Justice Earl on this point, which is as follows: "Mrs. Bennett did not agree to convey her property for a compensation to be fixed by any three persons to be appointed by the court, but for a compensation to be fixed by the three persons named under the precise conditions specified in the agreement, and it would certainly be contrary to the understanding of the parties that she should be compelled to part with the property for a compensation to be fixed in any other way. It is true that all rights of appeal given by law were reserved to either party, but we cannot infer from that language that it was expected by either party that the commissioners should be changed, that would defeat the whole scheme of the arrangement between them. If the court could upon appeal change the commissioners very little was gained in the first instance by naming the commissioners who were to make the appraisal. * * * Here the agreement of the parties was a factor which the court was bound to recognize and give proper weight and significance. What-

ever in that agreement bound the parties bound it (the Supreme Court), and it did not err in holding that it could not, in violation of the agreement of the parties, appoint new commissioners. The railroad company cannot claim the benefit of a part of the agreement and repudiate the rest. If it desires to change the commissioners it must in some way get rid of the entire agreement."

In our consideration of the question thus presented, the court at Special Term *did not possess the power* in the summary manner adopted, to vacate the order of appointment. It was but a way adopted for the purpose of securing the removal of the commissioners who had become objectionable to one of the parties. As the order was entered with the consent of the parties, and they, by their agreement, conferred upon the commissioners powers and duties which they would not possess under a statutory appointment, the order is in its nature and effect final and conclusive on the questions which it determines.

It does not follow from these views, nor do I intend to assert that the court is without power to control the action of the commissioners and set aside their report, when one is made, for fraud, irregularity or mistake. It belongs to the essential and inherent powers of this court to exercise an efficient and supervising control over every proceeding pending therein, to protect every suitor from fraud and injustice, and it will protect itself from being made the instrument of wrong and compel its subordinate officers receiving appointment from its hands to observe the law involved in the controversy between the parties. (*In re N. Y. C. and H. R. R. R. Co.*, 64 N. Y., 60; *In re P. P. and C. I. R. Co.*, 85 id., 489; *Baldwin* v. *Mayor*, 42 Barb., 549.)

The question which we now have before us is not as to the power of this court to supervise the proceedings which may be had under the order, and to correct error in procedure on the part of the commissioners, and set aside their report for fraud and misconduct; but the real question is as to the power of the court to vacate its previous judgment entered on the agreement of the parties. Where the court has jurisdiction over the subject-matter in dispute, that is, in such a case the consent of the parties may authorize the court to render a valid judgment in accordance with their agreement, and the parties will be bound thereby, although in

a contested case the court would not render such a judgment on the same state of facts. A judgment thus entered upon the consent of the parties given in open court must, in all subsequent proceedings, be regarded by the court as sacred and conclusive in all respects as if the judgment had in every particular been specially directed by the court on a state of facts determined by the court upon the evidence produced before it, sufficient in the law to authorize the judgment entered. (*Bank of Monroe* v. *Widner*, 11 Paige, 529; *Hunt* v. *Hunt*, 72 N. Y., 217; *Fletcher* v. *Holmes*, 25 Ind., 458; *Stratton* v. *Stratton* [Me.], 1 East. Rep., 579; *The Monongahela Nav. Co.* v. *Fenlon*, 4 Wats. & Searg., 205.)

The power of the court to vacate its own judgment for fraud, mistake, irregularity or illegality is unquestioned. There is no pretense in this case that any fraud or deceit was practiced on either party for the purpose of procuring their consent to the entry of the order, and no irregularity or mistake in the form or entry of the same is suggested. The alleged misconduct of the commissioners, which was recognized by the Special Term as disqualifying them and justifying their removal, occurred after their appointment and since the first hearing. If the commissioners, or either of them, have been guilty of corruption or misconduct, or for any other cause have become disqualified to act, a court of equity possesses the undoubted power to intervene, upon the application of an aggrieved party in a proper suit, and declare the contract at an end for the reason that it has become impossible to carry the same into effect according to the intention of the parties; and such a result would, in and of itself, vacate the order.

The clause in the contract agreeing that the consideration to be paid for the premises should be determined by the commissioners may be considered as being in the nature of an arbitration. Executory agreements of this character are often revoked by operation of law. Such a result occurs from the legal effect and necessary consequence of some intervening event, either providential or caused by the act of one of the parties, such as the death or insanity of the arbitrator, or by his becoming interested in the subject matter of the litigation or by his fraudulent conduct or misbehavior. The law assumes that parties in making such contracts enter into the

same having in mind such contingencies, and when they do happen as consenting that the agreement may be canceled at the instance of either party. (Morse on Arbitration and Awards, 233, 235; *Potter* v. *Sterrett*, 24 Pa. St., 411; *Suttons* v. *Tyrrell*, 10 Vt., 91; *Beddow* v. *Beddow*, Law Rep., 9 Ch. Div., 93; *Malmesbury Railroad* v. *Budd*, 2 Ch. Div., 113.)

In the English cases just cited the disqualifying act occurred after the arbitrators were appointed, and they were removed by the decree of a court of equity in a suit instituted for that purpose and before they had made any award disposing of the questions submitted to their consideration.

The rescission of a contract for adequate cause occurring before or after its execution can only be decreed by a court of equity, and such relief cannot be obtained in a court of law. It is not contended by the respondent that the contract in question can be disturbed in whole or in part by any relief which this court has power to grant in these proceedings, and I have reached the conclusion that as the order for the appointment of the commissioners has its foundation in the agreement and was entered on the consent of the parties it is final as between the parties thereto, and can be vacated and annulled only by a suit instituted for that purpose in a court of equity.

I have examined all the other cases which have been brought to my attention, where courts have removed umpires and arbitrators for corruption and for other causes, and I find that the relief secured was in a court of equity jurisdiction. In many instances where commissioners or arbitrators have been nominated by the court or selected with the consent of the parties, *in statutory proceedings*, they have been removed on motion on the application of an aggrieved party, but they are not in point on the question whether the court can interfere when the order appointing arbitrators or commissioners is based upon the agreement of the parties and founded upon a good and valid consideration as in the case before us.

The circumstance, to which an allusion has been made, that if the commissioners are not removed and they are permitted to proceed and make an award, it will be final and conclusive upon the parties, as no right of appeal is given from a second award, has been considered and I fail to perceive how it can make this case an exception

to the general rule that questions of this character and gravity must be disposed of by action in a court possessing appropriate jurisdiction.

Order modified, as indicated in the opinion of BRADLEY, J., and as so modified affirmed.