LEWIS and BRADLEY, JJ., concurred.

---

In the Matter of the Widening of SOUTH ST. PAUL STREET on the West Side, North of and Adjoining Court Street, in the City of Rochester, N. Y.

ALANSON DOUGLAS MILLER and Others, Appellants; CITY OF ROCHESTER, Respondent.

*Award of commissioners under chapter 14 of 1880, as amended by chapter 190 of 1892 — powers of the County Court — award modified on appeal to the Supreme Court — a direction that the taxes be deducted, stricken out.*

The fact that chapter 190 of the Laws of 1892 provides that certain commissioners of appraisal of property in proceedings to widen a street shall be appointed by the County Court, to which court power is given by the act to amend defects or informalities in the proceeding and make all necessary orders and give proper directions to carry into effect the object and intent of the act, does not authorize the County Court to set aside an appraisal and report because of error in the result.

The statutory method of review in such case is by appeal from the report, within thirty days after its confirmation, to the Supreme Court, which will consider and examine all questions of law or fact, and confirm or annul the report as it shall deem just.

The award of commissioners of appraisal appointed under the provisions of chapter 14 of the Laws of 1880, as amended by chapter 190 of the Laws of 1892, wherein one gross award is made for two distinct parcels of property, and the amount of " all taxes and assessments which may be a lien upon the lands " is to be deducted from the award, will be modified, upon a review of the report of such commissioners, by striking therefrom the provision in regard to the deduction of the amount of the taxes from the amount of the award, if it appears that the tax lien was not considered in the appraisal, any further than to make such provision in the report.

Appeal by Alanson Douglas Miller and others from an order of the Monroe County Court, entered in the office of the clerk of the county of Monroe on the 12th day of February, 1895, denying the appellant's motion to vacate and set aside the report of commissioners of appraisal in the matter of widening South St. Paul street in the city of Rochester.

*Joseph W. Taylor*, for the appellants.

*A. J. Rodenbeck*, for the respondent.

Bradley, J.:

The commissioners, in the proceedings for appraisal, awarded to the appellants for the land in question $1,800, deducting therefrom " all taxes and assessments which may be a lien upon the lands." The objection is to the charge so made of taxes upon the award. Upon the hearing before the commissioners there was no evidence of any tax liens upon the property, nor does anything to that effect appear in the papers here upon the appeal from the commissioners' report. But in the affidavits upon which the motion to set aside their report was made, and which constitute a portion of the papers on the other appeal, it appears that there is a tax lien of $1,000 upon a portion of the land in question and other lands, and that on the part of the city it is required that the full amount of it be deducted from the award. The motion in the County Court was not considered on the merits, but was denied for the reason there given of want of power to entertain it.

The city charter provides that the commissioners be appointed by the County Court, and to it is given certain powers to amend defects or informalities in the proceedings, to make all necessary orders and give proper directions to carry into effect the object and intent of

the act, but this does not include power to that court to set aside the appraisal and report for error in its result. (Laws 1892, chap. 190, § 16.)

The commissioners are required to report to the common council, and it is vested with the power of confirmation of the report. (Laws 1880, chap. 14, § 178, as amended by Laws 1892, chap. 190, § 18.)

The statutory method of review is by appeal from the report, within thirty days after its confirmation, to the Supreme Court (Laws 1880, chap. 14, § 183), and the court shall thereupon consider the appeal and examine all questions of law or fact and confirm or annul the report as it shall deem just. (Laws 1892, chap. 190, § 21.)

It is urged that the motion in the present case was analogous to a like motion to set aside a report of commissioners under the General Railroad Act, and in support of that view is cited *Matter of N. Y. C. & H. R. R. R. Co.* (64 N. Y. 60).

But it may be observed that under that statute the commissioners' report is made to the court, and the matter of its confirmation is for its determination. The court, in that case, is not only given jurisdiction over the appointment of the commissioners and their proceedings preliminary to their award, but their report is made the subject of consideration by the court. In the present case there is no charge of misconduct of the commissioners. The motion was founded upon an alleged error merely.

The premises in question are described in the commissioners' report as two adjoining parcels, to one of which the appellants have the legal title, and in the other they have an estate for years under a lease made by the city of Rochester, which lease will expire in April, 1969. The award was for the whole as an entirety. And it is said that the tax referred to is a lien upon only one of those parcels, and that such parcel constitutes but a very small portion of the land on which it is a lien. We think that the County Court had no power to entertain a motion to set aside the report on the merits, and, therefore, it was properly disposed of by that court. The facts above mentioned in relation to the tax lien do not appear in the papers presented by the appeal from the commissioners' report. The only question here is whether they properly inserted in it the

FIFTH DEPARTMENT, MARCH TERM, 1895.    [Vol. 85.

provision to the effect that all taxes which were a lien upon the premises were to be deducted from the award.

It is said by the respondent's counsel that without regard to the provision to that effect in the report the amount of the tax lien upon the premises is to be deducted from the amount of the award. That may be so, and in that view there would be no difficulty about it if the tax lien covered only those premises. But suppose that it is only upon a small portion, or a distinct parcel of them, and extended over other lands, how are they to be apportioned so as to give the owner of the lands taken the benefit of the award, less the part of the tax properly chargeable upon it? Should the entire amount be deducted from his award and he be compelled to seek his remedy against the persons who own the other premises upon which the portion or the greater part of the tax is a lien, or should that be a matter to be adjusted by affirmative action on the part of the city? Our attention was called to no provision of the charter or to any other statute on the subject. The tax lien, so far as appears, was not considered in the proceeding any further than to make the provision in the report as before mentioned. Here were lands described in two parcels. Assuming that the tax lien was upon one of them only (and on that with other lands), it would seem to be a hardship to include the damages for taking both parcels in one award and make it subject to the amount of the entire tax lien, and the injustice of it would be more palpable if the parcel upon which the tax lien is was of but little value as compared with that of the other. Such might be the consequence when one only of two distinct parcels is subject to the tax lien and the award, a gross sum for both. The statute does not seem to render it necessary to subject the landowner to such embarrassment. The consequences of including the taking of both parcels in a single award is not, upon the record, necessarily the subject of consideration on this review. So far as appears the commissioners did not deem it necessary to inquire whether or not any tax lien existed on the premises. If there is any, the disposition of it had better be left for such application and adjustment as the rights of the parties may require without direction in the report of the commissioners.

It does not seem that a modification of it by striking such provision from the report will be unduly prejudicial to the city. The

order of the County Court should be affirmed, and the report of the commissioners should be annulled unless the respondent stipulates to strike from the report the provision for the deduction of tax liens from the award, and in that event the report be so modified, and as modified confirmed.

LEWIS and WARD, JJ., concurred.

The order of the County Court affirmed, with ten dollars costs and disbursements; the report of the commissioners appealed from annulled, unless the respondent within twenty days stipulates to strike from the report the provision for the deduction of tax liens from the award, and in that event the report be so modified, and as modified confirmed.