In re BENSEL et al.

(Supreme Court, Appellate Division, Second Department.   May 26, 1910.)

1. EMINENT DOMAIN (§ 228*)—APPRAISAL—COMMISSIONERS—REMOVAL—DISCRETION OF COURT.

The court in its inherent power, and also under Laws 1905, c. 724, § 23, relating to condemnation proceedings, providing that the court may at any time remove any of the commissioners of appraisal who in its judgment may be incapable of serving, or who shall for any reason in its judgment be an unfit person to serve as such commissioner, etc., may remove a commissioner and appoint another commissioner; the question being addressed to the court's discretion.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 582; Dec. Dig. § 228.*]

2. EMINENT DOMAIN (§ 228*)—COMMISSIONERS OF APPRAISAL—MOTION FOR REMOVAL—CONSTRUCTION.

A motion to relieve commissioners of appraisal appointed in condemnation proceedings from the consideration of the value of certain parcels to appraise which they were appointed, and to appoint new commissioners for such parcels, was equivalent to a request for their removal as to such parcels.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 582; Dec. Dig. § 228.*]

Appeal from Special Term, Westchester County.

In the Matter of the Application of John A. Bensel and others, constituting the Board of Water Supply of the City of New York, to acquire real estate, etc., in the Town of Mt. Pleasant, Westchester county, N. Y.   From an order denying a motion to relieve the commissioners appointed from the consideration of certain parcels, and for the appointment of other commissioners, certain claimants appeal.   Reversed, and matter remitted.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Woodson R. Oglesby (Wilson M. Powell, Jr., on the brief), for appellants.

Henry T. Dykman, for respondent.

CARR, J.   This is a condemnation proceeding by which the city of New York seeks to acquire certain real property in Westchester county for the enlargement of its water supply system.   The proceeding was begun under the provisions of chapter 724 of the Laws of 1905 as amended.   That statute, in order to expedite the work of condemnation, authorizes the division of all the territory sought to be condemned into sections, and provides for the appointment of commissioners to fix the values of the respective parcels of land embraced within the various sections.   It prescribes practically that no more parcels be assigned to each set of commissioners than can be disposed of in one year.   An order was made at Special Term appointing commissioners for a section embracing certain parcels known as "parcels 798, 799, 801, 802."   These parcels, though numbered separately on the condemnation map, appear to constitute one large farm with its im-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provements, and they are owned by the appellants. Their present grievance is as follows: . The court appointed, as commissioners for the section in which these parcels are embraced, three gentlemen, Messrs. Ingraham, Van Cortlandt, and Walsh, who duly qualified, made a view of the property, and proceeded with the taking of testimony. After the proceedings had progressed to a short extent, the appellants learned that one of the commissioners, Mr. Walsh, had before his present appointment acted as official transfer tax appraiser in Westchester county, and, in the discharge of his official duty, had made an appraisal of one of the parcels in question for the purpose of fixing the transfer tax thereon which accrued through the death of some of the former owners of undivided interests therein. Mr. Walsh did not make his report as transfer tax appraiser until after he had qualified as commissioner in this proceeding. The appellants contend that Mr. Walsh, because of this circumstance, is not qualified to sit as an impartial judge of values in this proceeding, inasmuch as he has already committed himself to an appraisal in the transfer tax matter above which he may not go in this proceeding, no matter what be the evidence, without exposing himself to the imputation of error or inefficiency in the tax proceeding. They claim, further, that this disqualification extends to Commissioners Ingraham and Van Cortlandt from the simple fact of the association with Mr. Walsh in this proceeding. On these grounds they made a motion at Special Term, through an order to show cause, for an order "relieving the commissioners of appraisal heretofore appointed herein from the consideration of the parcels as designated in the petition and damage map herein as Nos. 798, 799, 801, and 802, by reason of the legal disqualification of one of said commissioners to act as to said parcels," and for an order appointing other commissioners to appraise the compensation to be made for these specific parcels. This motion was denied by the Special Term wholly on the express ground recited in its order "that the court has no power to grant the same." From the order so entered, this appeal was taken.

I think the learned Special Term was in error in denying the motion on the sole ground of lack of power in the court. The question presented was one addressed to its sound discretion. The power to grant or deny the relief sought is obvious. Section 23 of the act, under which the proceedings are being conducted, provides as follows: .

"And the said court may at any time remove any of said commissioners of appraisal who, in its judgment, shall be incapable of serving or who shall for any reason in its judgment be an unfit person to serve as such commissioner. The cause of such removal shall be specified in the order making the same."

Had the act been entirely silent on this question, the court would have nevertheless inherent power to make such removal. Matter of N. Y. C. & H. R. R. R. Co., 64 N. Y. 60; Matter of Daly, 189 N. Y. 34, 38, 81 N. E. 560. It is argued, however, that the motion made by the appellants was not to remove the commissioners, but simply to relieve them of the consideration of the value of the specified parcels, and to appoint new commissioners for these parcels. This is equivalent to a request for their removal as to these parcels; and, while the words used are softer and more euphemistic, the meaning is exactly the same.

The object plainly sought was the substitution of new commission- ers. The court at Special Term had power in the exercise of its sound discretion to grant all or a part of the relief sought. While it is not for us, in advance of the exercise of such discretion, to make any inti- mation as to how it should be exercised, it is, of course, apparent that Mr. Walsh might be regarded, because of his former official action in regard to some of the parcels, as "incapable" or "unfit," not at all' in any moral or purely personal sense, but in the larger sense which requires all judicial proceedings to be had not only with impartiality and justice, but also with such appearances of justice that litigants may feel and believe that their cause has not been prejudiced before they have had their day in court. The considerations which cover the· case of Mr. Walsh may not apply at all to that of Commissioners In- graham and Van Cortlandt, for mere association does not breed al- ways the same results in thinking.

I reccommend, therefore, that the order be reversed, with $10 costs. and disbursements, and that the matter be remitted to the Special Term to be disposed of in the exercise of its discretion. All concur.